UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 19  P 4: 39

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| LOUIS DEROSA | : | CIVIL ACTION |
| Plaintiff, | : | NO: 3:03CV91(AVC) |
| v. | : | |
| SBC a.k.a. SNET | : | |
| Defendant. | : | December 19, 2003 |

### PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rules 15 (a) and 16 (b) of the Federal Rules of Civil Procedure, the Plaintiff, Louis DeRosa, respectfully requests leave to amend his Complaint in accordance with the appended Amended Complaint. In support thereof the Plaintiff files herewith a Memorandum in Support of Plaintiff's Request for Leave to Amend Complaint.

The Plaintiff,
Louis DeRosa

By:
Eugene N. Axelrod, Esq. (CT00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525
Juris No. 415089
Tel. 203.389.6526
Fax 203.389.2656

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to:

Lori B. Alexander, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509-1910

12/19/03
Date

Melissa Toddy
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUIS DEROSA | : | CIVIL ACTION |
| Plaintiff, | : | NO: 3:03CV91(AVC) |
| v. | : | |
| SBC a.k.a. SNET | : | |
| Defendant. | : | December 19, 2003 |

**MEMORANDUM IN SUPPORT OF PLAINIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT**

The Plaintiff, Louis DeRosa, hereby submits this Memorandum In Support of Request for Leave to Amend Complaint in support of his Motion for Leave to Amend Complaint.

**I.    Procedural Posture**

The Plaintiff, Louis DeRosa, commenced this action in state court on or about December 13, 2002, alleging claims for breach of contract (Complaint, Count One), breach of the implied covenant of good faith and fair dealing (Complaint, Count Two), wrongful discharge (Complaint, Count Three), negligence (Complaint, Count Four), misrepresentation (Complaint, Count Five), defamation/false light (Complaint, Count Six) and intentional infliction of emotional distress (Complaint, Count Seven). The Defendant removed this case to federal court on January 13, 2003. On February 25, 2003, the Defendant filed a Motion for a More Definite Statement, which was granted by the Court on May 5, 2003. The Plaintiff filed a Revised Complaint on July 28, 2003, in order to comply with such order.

Subsequently, the Defendant filed a Motion to Dismiss, dated August 15, 2003, on the grounds that the Plaintiff failed to exhaust his grievance and arbitration procedures, or, in the alternative, that all claims were preempted by § 301 of the Labor Management Relations Act

3

(LMRA). Plaintiff filed a Memorandum of Law in Opposition on December 19, 2003, requesting that the Court refer to its Amended Complaint in ruling on the Motion to Dismiss. The Plaintiff now seeks to amend his Complaint to DELETE Counts One, Two, Three, Four and Seven. Plaintiff seeks to ADD claims for wrongful discharge in violation of § 301 of the LMRA (Amended Complaint, Count One), false light (Amended Complaint, Count Three) and negligent supervision (Amended Complaint, Count Four). Plaintiff seeks to REVISE his claims for defamation (Amended Complaint, Count Two) and negligent misrepresentation (Amended Complaint, Count Five).

**II.** **Argument**

A. Standard for granting leave to amend.

"A party may amend a party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15 (a). Fed. R. Civ. P. 15 (a) has been liberally interpreted by the Courts. Gillespie v. U.S. Steel Corp., 379 U.S. 148, 158 (1964). This is consistent with the philosophy that leave to amend should be freely granted when justice so requires. Forman v. Davis, 371 U.S. 178, 182 (1962). Leave for amendment of complaints should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." Forman v. Davis, supra, 371 U.S. 182.

"Where a scheduling order has been entered, as is the case here, the lenient standard under Rule 15 . . . must be balanced against the requirement under Rule 16(b) of the Federal Rules of Civil Procedure that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Senich v. American-Republican, Inc., 215 F.R.D. 40 (D. Conn. 2003), *quoting* Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003.) The Scheduling Order in the present case provides that all amendments to the pleadings shall be filed by March 21, 2003.

4

B. <u>Plaintiff has good cause for requesting amendment</u>.

Until the Defendant filed its Motion to Dismiss, dated August 15, 2003, the undersigned counsel for the Plaintiff had a good faith belief that the claims in the original complaint were not preempted by the Labor Management Relations Act. A significant amount of research in the area of § 301 of the LMRA was done, however, this remains a complicated area of the law. The associate attorney who had been assigned to this case reasonably believed that the claims in Plaintiff's original Complaint were not preempted by the LMRA, and advised the senior attorney accordingly. Only after receiving the Defendant's Motion to Dismiss and Memorandum, and then conducting a thorough review of the law did the undersigned realize that Plaintiff's complaint would be preempted as written.

Exhaustive research has demonstrated that the leading authority in this area supports granting the Plaintiff leave to amend his complaint. In <u>Rauscher v. Ryan</u>, 147 L.R.R.M. 2430 (E.D. Pa. 1994), the court set aside the entry of default for failure to answer, where the defendants had a good faith belief that their pending motion for extension of time stayed the period for answering the complaint. The court reasoned that although the defendants' position was erroneous, their good faith belief and the strong public policy favoring the disposition of cases on their merits warranted the setting aside of the entry of default. See also <u>Coatings v. Fodor Contracting</u>, 843 F.2d 808, 811 (4th Cir. 1988) (attorney's failure to file answer not imputed to defendant).

C. <u>Granting leave to amend now rather than after dismissing Plaintiff's complaint serves to promote judicial economy</u>.

The Plaintiff's proposed amendment cures all alleged defects in the Plaintiff's original Complaint. "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to

5

amend." 6 Charles A. Wright, Arthur W. Miller & Mary K. Kane, Federal Practice and Procedure: Civil § 1483, 587 (2d ed. 1990). Therefore, even should the Court grant Defendant's Motion to Dismiss, it may do so while granting Plaintiff leave to amend. See Ronzani v. Sanofi S.A. 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."). A review of the procedural history will reveal the uniqueness of this case. This case was originally filed in state court. While the Defendant removed the action this Court in February, 2003, it did not file its Motion to Dismiss until September 15, 2003. Plaintiff was granted two (2) enlargements of time in which to respond to the motion, for bona fide reasons warranting extension. Given that the Plaintiff's response to the motion is now due one week prior to the deadline for completion of discovery, granting leave to amend at this time is not appropriate. Given the procedural history of this case as outlined above, reason and logic would support amendment at this time as appropriate and necessary for resolution of this case on the merits, in light of the principals of judicial economy. Furthermore, allowing amendment is an efficient way to bring all of the appropriate issues before the Court thus preventing prolonged and multiple litigation.

As discussed above, Courts, when granting motions to dismiss, typically do so while granting leave to amend. By granting Plaintiff leave to amend now rather than dismissing the complaint with leave to amend, the Court is preserving valuable time and resources of both the Court and the parties. Additionally, the proposed amendment, which DELETES Counts One, Two, Three, Four, Five and Seven serves to promote efficiency and judicial economy in that the re-tailored complaint more accurately sets forth facts that support the Plaintiff's claims.

D. <u>Amendment will not cause this action to exceed the permissible boundaries of administration of the court</u>.

The Scheduling Order, filed March 4, 2003, provides for all discovery to be completed by October 30, 2003, only seven (7) months after the date of the order. The Court granted the parties' Joint Motion to Enlarge Discovery on November 3, 2003, thus extending the period for discovery through December 29, 2003. Even given that enlargement, the parties have been afforded only nine (9) months from the scheduling order in which to complete discovery. Permitting amendment at this point will therefore not result in the undue prolonging of the litigation of this case, as the Court has set forth a very fast paced scheduling order, based on the standard in this District Court.

E. <u>Amendment will not prejudice the Defendant</u>.

The Defendant in the present case will not be prejudiced by the Plaintiff's amended complaint as all of the allegations that the Plaintiff seeks to include in the amended complaint arise out of the same nucleus of operative facts as those stated in the original complaint. It should be noted that while the Plaintiff seeks to add new claims, such claims are based on facts already alleged in the original complaint. Plaintiff's claim for wrongful discharge in violation of § 301 of the LMRA (Amended Complaint, Count One) is essentially the same as the breach of contract claim alleged in the original complaint. Similarly, Plaintiff's claim for false light is based on the same facts as alleged in his claim for defamation, as detailed in the original complaint. Should leave be granted, the Defendant's factual inquiry for all added claims would still be centered on the same nucleus of operative facts as stated in the Plaintiff's original complaint. The amendment does not contain new and surprising allegations and should be of no surprise to the Defendant, as it should also be deemed to have knowledge of its very own conduct as it relates to the Plaintiff and his claims.

7

The proposed amendment would not delay the proceedings in the same case, nor is it intended to harass, intimidate or otherwise prejudice the Defendant. In light of the pending Motion to Dismiss, which attacks the entire complaint, the parties have not wanted to engage in discovery during this time. This is particularly true in the case of the Plaintiff, who is attempting to preserve his limited funds. While at present, the deadline for completion of discovery is December 29, 2003, were the Motion to Dismiss denied, the parties would still require an extension of time to complete discovery.

Furthermore, all of Plaintiff's claims relate back to claims in the original complaint, as they "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." Fed. R. Civ. P. 15(c)(2). See also Tho Dihn Tran v. Alphonse Hotel, Corp., 281 F.3d 23, 36 (2d Cir, 2002); White v. White Rose Food, 128 F.3d 110, 116 (2d Cir. 1997); Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 125 (2d Cir. 1994); Wells v. Harris, 185 F.R.D. 128 (D. Conn. 1999), Shane v. Connecticut, 821 F.Supp. 829, 834 (D. Conn. 1993).

F. Denying leave to amend will prejudice the Plaintiff.

The applicable statute of limitations for claims brought pursuant to § 301 of the LMRA is six (6) months from the date the employee knew or reasonably should have known of the violation. See DelCosto v. Int'l Brotherhood Of Teamsters, 462 U.S. 151, 172, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983) (borrowing limitations period from 29 U.S.C. § 160(b)). Plaintiff received a letter from the union refusing to further process his grievance on or about October 1, 2002. Pursuant to § 160(b), the Plaintiff had until on or about April 1, 2003 to file his complaint. Plaintiff's original complaint was filed in state court on December 13, 2002, well within the six month limitations period. Should the Court grant Plaintiff leave to amend his complaint to include the claims brought pursuant to § 301, his claim will be timely, as it will relate back to the

8

original date of filing, December 13, 2002. However, refusing the Plaintiff leave to amend his complaint will highly prejudice the Plaintiff in that the complaint will be dismissed and he will be without remedy to pursue these claims against the Defendant, as the statute of limitations will have passed.

  G. <u>Defendant, by its actions, has agreed to Plaintiff's request for leave to amend his complaint</u>.

On October 23, 2003, the undersigned requested that the Defendant enter a joint motion to enlarge the time to complete discovery, and informed counsel for Defendant that he intended to file an Amended Complaint in response to the Motion to Dismiss. The most reasonable interpretation of Defendant's actions in joining with Plaintiff's motion to enlarge discovery leads to the inescapable conclusion that the Defendant does not oppose Plaintiff's amendment of the complaint. By not opposing enlargement, Defendant has tacitly agreed to litigate the issue pursuant to § 301 of the LMRA. Otherwise, if the Defendant wished to maintain that this Court has no jurisdiction over the present action, it would have opposed enlargement. In light of the parties' Joint Motion for Enlargement of Discovery, the Defendant has expressed a willingness to litigate the present action on the merits, and on the basis of the Amended Complaint.

## III. <u>Conclusion</u>

In accordance with the facts of this case and the appropriate law, this Court must grant the Plaintiff leave to amend the complaint so that this matter may proceed on its justiciable merits on all of the Plaintiff's legal claims and theories.

           The Plaintiff,
           Louis DeRosa

           By: _____
           Eugene N. Axelrod (CT00309)
           The Employment Law Group, LLC

8 Lunar Drive<br>
Woodbridge, CT 06525<br>
Tel. 203.389.6526<br>
Fax 203.389.2656

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to:

Lori B. Alexander, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509-1910

12/19/03
Date

Melissa Toddy
Commissioner of the Superior Court

10