UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 19 P 4: 39
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| LOUIS DEROSA | CIVIL ACTION |
| | NO: 3:03CV91(AVC) |
| Plaintiff, | |
| v. | |
| SBC a.k.a. SNET | |
| Defendant. | December 19, 2003 |

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12 (b) (6) and Local Rule 7, the Plaintiff, Louis DeRosa, respectfully submits this Memorandum in Opposition to the Defendant's Motion to Dismiss dated September 15, 2003. Plaintiff, by way of his Amended Complaint, filed contemporaneously to this memorandum, has stated sufficient facts to set forth valid claims for wrongful discharge in violation of § 301 of the Labor Management Relations Act ("LMRA"), defamation, false light, negligent supervision and negligent misrepresentation. Accordingly, the Plaintiff respectfully requests that the Court DENY the Defendant's Motion to Strike in its entirety. Upon review and acting in good faith, Plaintiff has withdrawn Counts One, Two, Three, Four and Seven of the original complaint.

### I.   PROCEDURAL BACKGROUND

The Plaintiff commenced this action in state court on or about December 13, 2003, alleging claims for breach of contract (Complaint, Count One), breach of the implied covenant of good faith and fair dealing (Complaint, Count Two), wrongful discharge (Complaint, Count Three), negligence (Complaint, Count Four), Misrepresentation (Complaint, Count Five) Defamation/False Light (Complaint, Count Six) and Intentional Infliction of Emotional Distress


(Complaint, Count Seven). The Defendant removed this action to federal court on January 13, 2003. On February 25, 2003, the Defendant filed a Motion for a More Definite Statement, which was granted by the Court on May 5, 2003. The Plaintiff filed a Revised Complaint on July 28, 2003, in order to comply with such order.

Subsequently, the Defendant filed a Motion to Dismiss, dated September 15, 2003, on the grounds that the Plaintiff failed to exhaust his grievance and arbitration remedies, or, in the alternative, that all claims were preempted by § 301 of the Labor Management Relations Act (LMRA), codified at 29 U.S.C. § 185 et seq. By way of his Amended Complaint, the Plaintiff has stated claims for the following: wrongful discharge in violation of § 301 of the LMRA (Amended Complaint, Count One), Defamation (Amended Complaint, Count Two), False Light (Amended Complaint, Count Three), Negligent Supervision (Amended Complaint, Count Four) and Negligent Misrepresentation (Amended Complaint, Count Five). The Plaintiff has withdrawn his claims for breach of contract (Complaint, Count One), breach of implied covenant of good faith and fair dealing (Complaint, Count Two), wrongful discharge (Complaint, Count Three), negligence (Complaint, Count Four) and intentional infliction of emotional distress (Complaint, Count Seven). Plaintiff now submits this Memorandum of Law in Opposition to Defendant's Motion to Strike.

## II. FACTS

The Plaintiff, Louis DeRosa, commenced employment with the Defendant in April, 2000 as an inside sales representative. (Am. Compl. ¶ 9.) Mr. DeRosa sold yellow page advertising, direct mailing and internet advertisements. (Am. Compl. ¶ 11.) Despite his exemplary performance and attaining the top sales in a number of categories, the Defendant accused the Plaintiff of improperly submitting contracts regarding accounts prior to execution and signature

by the customer. (Am. Compl. ¶¶ 12-13, 39-40.) Drew Jones, Mr. DeRosa's supervisor, falsely accused him of submitting his contracts in this manner in order to obtain bonus points for the sales. (Am. Compl. ¶ 39.) However, Mr. DeRosa had submitted the necessary paperwork regarding his sales in accordance with the requirements and procedures of the Defendant. (Am. Compl. ¶ 21.) Nevertheless, the Defendant suspended Mr. DeRosa for two (2) days for allegedly mishandling an account. (Am. Compl. ¶ 29.) Upon his return to work, Mr. DeRosa met with Drew Jones, Ken Schankie and a local union representative, after which time he was suspended for an indefinite period of time. (Am. Compl. ¶¶ 31,33.)

On December 17, 2001, Mr. DeRosa was called to another meeting with Drew Jones, Ken Schankie, the local union representative and the regional union representative. (Am. Compl. ¶ 35.) Drew Jones and Ken Schankie interrogated Mr. DeRosa about several contracts from his hundreds of previous accounts, without being given an opportunity to review those accounts. (Am. Compl. ¶ 36.) Although Mr. DeRosa answered the questions to the best of his ability, and despite the fact that the Defendant never presented any documentation to support their claim that he was misrepresenting clients, Mr. DeRosa was terminated for allegedly misrepresenting clients. (Am. Compl. ¶¶ 37, 40-41.)

During his employment with Defendant, the Plaintiff was a member of the Communications Workers of America (CWA) Local 1298. (Am. Compl., Count One ¶ 46.) CWA filed a grievance against the Defendant on behalf of the plaintiff, claiming that he had been unjustly suspended and terminated without cause, and that Defendant owed Plaintiff commissions. (Am. Compl., Count One ¶ 60.) Although the collective bargaining agreement (the "Agreement") clearly provided for grievance and arbitration procedures, CWA refused to pursue Mr. DeRosa's grievance past the "Step II" grievance procedure. (Am. Compl., Count One ¶¶ 48, 61.)

3

### III. ARGUMENT

A. Legal Standard.

In ruling on a motion to dismiss, the court must adhere strictly to tightly drawn principles designed to ensure that plaintiffs such as Mr. DeRosa, who have pleaded cognizable causes of action, are afforded their day in court. The court's function in ruling on a motion to dismiss under Fed. R. Civ. P. 12 (b) (6) is not to decide whether the plaintiff will prevail at trial, "but merely to determine whether the complaint itself is legally sufficient." Festa v. Local 3 Int'l Brotherhood of Electrical Workers, 905 F.2d 35, 37 (2d Cir. 1990). "[T]he threshold that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." Schaffer v. Ames Dept. Stores, Inc., 889 F. Supp. 41, 43 (D. Conn. 1990) (Squatrito, J.).

The court is limited to considering the facts stated in the complaint; Allen v. West Point Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991); it must accept them as true and draw all reasonable inferences in the plaintiff's favor. Papasan v. Allain, 478 U.S. 265, 283, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), *cert. denied*, 504 U.S. 911 (1992); Mennone v. Gordon, 889 F.Supp. 53, 55 (D. Conn. 1995) (Goettel, J.). "The district court should deny the motion *unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief.*" Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (emphasis added), *citing* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. d. 2d 80 (1957).

B. The Court should refer to Plaintiff's Amended Complaint in ruling on Defendant's Motion to Dismiss.

The Plaintiff's proposed amendment cures all alleged defects in the original complaint. Should the Court grant Defendant's Motion to Dismiss, it may do so while granting Plaintiff leave to amend. See Ronzani v. Sanofi S.A. 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion

4

to dismiss is granted, the usual practice is to grant leave to amend the complaint."). In Fleming v. Stop & Stop Supermarket Co., 1997 U.S. Dist. LEXIS 7495 (D. Conn. 1997) (Nevas, J.), in which the Plaintiff filed a memorandum in opposition to defendant's motion to dismiss as well as an amended complaint in response to defendant's motion to dismiss the original complaint, the court considered plaintiff's amended complaint in ruling on defendants' motion to dismiss. *See also* Bimler v. Stop & Shop Supermarket Co., 965 F.Supp. 292 (D. Conn. 1997) (Nevis, J.).

C. This Court has jurisdiction over the present action as the plaintiff has alleged that he attempted to exhaust his grievance and arbitration remedies but failed to do so only as a result of the union's breach of its duty of fair representation.

"[F]ederal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." Bowen v. United States Postal Service et al, 459 U.S. 212, 221, 103 S. Ct. 588, 74 L. Ed. 2d 402 (1983), *quoting* Republic Steel Corp., v. Maddox, 379 U.S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965) (internal quotation marks omitted). When an employee asserts a claim under § 301 of the LMRA, he "must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." Vaca v. Sipes, 386 U.S. 171, 184, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967).

"The duty of a union to fairly represent the interests of its bargaining unit employees is inherent in its status as the exclusive bargaining representative." Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1153 (2d Cir. 1994), *citing* Vaca v. Sipes 386 U.S. at 177. "[An] employee may seek judicial enforcement of his contractual rights . . . [if] the union has sole power under the contract to invoke the higher states of the grievance procedure, and if . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." Vaca v. Sipes, 386 U.S. at 185.

5

This is because an employer's breach of the Agreement "could be remedied through the grievance process to the employee-plaintiff's benefits were it not for the union's breach of its statutory duty of fair representation to the employee. To leave the employee remediless in such circumstances would . . . be a great injustice." Id., 185-86. Therefore, "[a] wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." Id., 186. The Second Circuit has stated that "arbitrary conduct amounting to a breach is not limited to intentional conduct by union officials but may include acts of omission, which, while not calculated to harm union members, may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." NLRB v. Local 282, Int'l Brotherhood of Teamsters, 740 F.2d 141, 147 (2d Cir. 1984) (internal quotation marks omitted).

By way of his Amended Complaint, Mr. DeRosa has alleged that he attempted to exhaust his grievance and arbitration remedies, but because the union arbitrarily refused to pursue his case past the Step II grievance proceeding, he was denied the opportunity to do so. (Am. Compl., Count One ¶¶ 61, 66.) Accepting all facts as true and drawing all reasonable inferences in the Plaintiff's favor, the Court must find that Mr. DeRosa has attempted to exhaust his grievance and arbitration remedies, and that the Court therefore has jurisdiction over the present action.

D. <u>Plaintiff has stated a claim for wrongful discharge in violation of § 301 of the LMRA (Amended Complaint, Count One)</u>.

Section 301 of the Labor Management Relations Act provides as follows:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

Section 301 provides a means for individual employees to bring an action for breach of a contract promise by the employer when the union wrongfully refuses to process his grievance in violation of its duty to fairly represent the employee. Smith v. Evening News Ass'n., 371 U.S. 195, 83 S. Ct. 267, 9 L. Ed. 2d 246 (1962).

For the purposes of deciding a motion to dismiss, the Court may only dismiss the Plaintiff's claims if is "appears to a certainty that a plaintiff can prove no set of facts entitling him to relief." Ryder Energy, 748 F.2d 779, *citing* Conley v. Gibson, 355 U.S. at 45-46. As discussed above, the Plaintiff has alleged that though he attempted to exhaust his remedies pursuant to the collective bargaining agreement, the union arbitrarily refused to pursue his case. (Am. Compl., Count One ¶¶ 61, 66.) The Plaintiff has alleged that the Agreement, provides a commission schedule for telephone representatives, (Am. Compl., Count One ¶ 57), and that employees will not be terminated but for just cause, (Am. Compl., Count One ¶ 49). The Plaintiff has set forth sufficient facts to establish that Defendant breached the Agreement with respect to commissions in that he has alleged that at the time of his termination he was owed approximately $14,000 in commissions, (Am. Compl., Count One ¶ 58), and that the Defendant has never paid those commissions owed to him, (Am. Compl., Count One ¶ 59).

With respect to Plaintiff's claims that the Defendant discharged him without just cause, the Plaintiff has also alleged sufficient facts to support his claim. By way of his Amended Complaint, Plaintiff has alleged that the Defendant falsely accused him of improperly submitting contracts regarding certain accounts prior to execution and signature by the customer. (Am.

7

Compl., Count One ¶ 50). Plaintiff has alleged that he had submitted the necessary paperwork regarding his sales in accordance with the requirements and procedures of the Defendant. (Am. Compl., Count One ¶ 51, 52.) Despite the fact that the Plaintiff had always followed the requirements and proper procedures of the Defendant with regard to customer accounts, he was suspended and ultimately terminated, without just cause. (Am. Compl., Count One ¶ 51.) The Court, accepting all alleged facts as true and drawing all reasonable inferences in the Plaintiff's favor, must find that Mr. DeRosa has, by way of his Amended Complaint, set forth a claim for breach of contract in violation of § 301 of the LMRA. Accordingly, the Court must DENY Defendant's Motion to Dismiss with respect to Plaintiff's claim for wrongful discharge in violation of § 301 of the LMRA.

> E. Plaintiff has stated a claim for defamation that does not require interpretation of the collective bargaining agreement. (Amended Complaint, Count Two)

"Defamation is made up of the twin torts of libel and slander – the one being, in general, written, while the other in general is oral . . .. Defamation is that which tends to [injure] reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feeling or opinions against him." (Internal quotation marks omitted.) Lizotte v. Welker, 45 Conn. Supp. 217, 219-20, 709 A.2d 50, aff'd, 244 Conn. 156, 709 A.2d 1 (1998). "In the application of this idea it is enough that the communication would tend to prejudice the plaintiff in the eyes of a substantial and respectable minority . . . ." (Internal quotation marks omitted.) Dow v. New Haven Independent, Inc., 41 Conn. Supp. 31, 36, 549 A.2d 638 (1987).

Under Connecticut law, a defamation is defined as a false and malicious publication of a person, which exposes him to public ridicule, hatred or contempt, or hinders virtuous men from associating with him . . . . In order to sustain a cause of action for defamation, the plaintiff must

8

show that the defendant made an unprivileged publication of a false and defamatory statement." (Citations omitted; internal quotation marks omitted.) Zupnik v. The Associated Press, Inc., 31 F. Supp. 2d 70, 72 (D. Conn. 1998). Liability for defamation requires that the defendant published false statements that harmed the plaintiff, and that the defendant was not privileged to do so. Torosyan v. Boehringer Ingenheim Pharmaceuticals, Inc., 234 Conn. 1, 27, 662 A.2d 89 (1995). Communications between managers regarding the review of an employee's performance and the preparation of documents regarding an employee's termination are protected by a qualified privilege. Id., 29; Restatement (Second) Torts 593, 596 and comment d (1977).

The Supreme Court has held that "complete preemption of a plaintiff's state-law claims under Section 301 will be found only where such resolution of the state-law claim is 'inextricably intertwined' with consideration of the terms of the labor contract, or where the rights and obligations created under state-law do not exist independently of the labor contract." Panczykowski v. Laborers Int'l Union, 2000 U.S. Dist. LEXIS 4847, 166 L.R.R.M. 2472, *23 (W.D.N.Y. 2000), quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). "Where resolution of plaintiff's state-law claim depends on interpretation of the labor contract, the claim is pre-empted." Id., citing Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 114 S. Ct. 2239, 129 L. Ed. 2d 203 (1994)."

Some courts have held that where a CBA imposes duty upon the defendant to make statements that are alleged to be defamatory, such claims are preempted by § 301 LMRA. See Panczykowski, 166 L.R.R.M. 2472; Capitano v. Laborers' Int'l Union, 166 L.R.R.M. 2160 (W.D.N.Y. 2000); Fasciana v. Coia, 2000 U.S. Dist. LEXIS 4877 (W.D.N.Y. 2000). However, it *is well settled* that when a claim for defamation does not arise from the CBA, that claim is not preempted. See Lingle v. Norge Division of Magis Chef, Inc., 486 U.S. 399, 108 S. Ct. 1877,

9

100 L. Ed. 2d 410 (1988); Box Tree S. v. Bitterman, 873 F. Supp. 833 (S.D.N.Y. 1995); Parke v. Bethenergy Mines Inc., 732 F. Supp. 587, 590 (W.D. Pa. 1990). The test for determining whether a state law claim is preempted by § 301 is "'whether the claims exist independent of any rights established by the contract' or whether the claims are 'inextricably intertwined' with considerations of the terms of the contract." Paradis v. United Technologies, 672 F. Supp. 67, 69 (D. Conn. 1987) (Dorsey, C.J.), *quoting* Allis-Chalmers, 471 U.S. at 213.

The Plaintiff's claim for defamation in the present case does not require interpretation of the collective bargaining agreement. Similarly, the Agreement did not require the Defendant to make the defamatory statements. Instead, the Plaintiff alleges that Drew Jones falsely accused him of improperly submitting paperwork in order to get "bonus points," (Am. Compl., Count Two ¶ 46), and that Ken Schankie falsely accused him Plaintiff of "misrepresenting" clients. (Am. Compl., Count Two ¶¶ 47.) Plaintiff further alleges that the Defendant publicized the false accusations and that they were widely known by Defendant's employees. (Am. Compl., Count Two ¶ 49.) In order to resolve the claim for defamation, Plaintiff must show that the statements were made, that they were publicized and that the Defendant was not privileged in making the statements. In order or the Defendant to prevail, it must show that the statements were not made or publicized, or that it was privileged. As Plaintiff's claim for defamation clearly does not require interpretation of the collective bargaining agreement, it is not preempted by § 301 of the LMRA. Accordingly, the Court must DENY the Defendant's Motion to Dismiss with respect to Plaintiff's claim for defamation.

- F. <u>Plaintiff has stated a claim for false light that does not require interpretation of the collective bargaining agreement. (Amended Complaint, Count Three)</u>

The tort of false light stems from our common law understanding of a right to privacy. The Connecticut Supreme Court has held that "a false light invasion of privacy occurs if '(a) the

10

false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.'" Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 127, 448 A.2d 1317 (1982), *quoting* Restatement (Second) of Torts § 652E (1977)). "It is not . . . necessary to the action for invasion of privacy [by false light] that the plaintiff be defamed." Restatement (Second) Torts ¶ 652E, comment b. But "it is essential . .. that the matter be published concerning the plaintiff is not true." Id., comment a. "It is enough that [the plaintiff] is given unreasonably and highly objectionable publicity that attributes to him characteristics, conducts or beliefs that are false and so is placed before the public in a false position." Id., comment b.

    As discussed above, where the resolution of a state-law claim does not require the interpretation of the collective bargaining agreement, it is not pre-empted by the LMRA. In Bimler, 965 F. Supp. at 292 (D. Conn. 1997), the court held that a plaintiff's claim for false light invasion of privacy was independent of the CBA and therefore not preempted by § 301 of LMRA. Mr. DeRosa's claim for false light invasion of privacy case does not require interpretation of the CBA. Instead, the Plaintiff alleges that Drew Jones falsely accused him of improperly submitting paperwork in order to gain "bonus points," (Am. Compl., Count Three ¶ 46), and that Ken Schankie falsely accused the Plaintiff of "misrepresenting" clients. (Am. Compl., Count Three ¶ 47.) Plaintiff further alleges that the Defendant publicized the false accusations and that they were widely known by Defendant's employees. (Am. Compl., Count Three ¶ 49.) As with Plaintiff's claim for defamation, his claim for false light invasion of privacy does not require interpretation of the collective bargaining agreement. Accordingly, the

Court must DENY Defendant's Motion to Dismiss with respect to Plaintiff's claim for false light.

    G. <u>Plaintiff respectfully withdraws his claim for breach of contract.</u> (Complaint, Count One)

    H. <u>Plaintiff respectfully withdraws his claim for breach of implied covenant of good faith and fair dealing. (Complaint, Count Two)</u>

    I. <u>Plaintiff respectfully withdraws his claim for wrongful discharge. (Complaint, Count Three)</u>

    J. <u>Plaintiff respectfully withdraws his claim for negligence. (Complaint, Count Four)</u>

    K. <u>Plaintiff has stated a claim for negligent supervision that does not require interpretation of the collective bargaining agreement.  (Amended Complaint, Count Four)</u>

It is well established that where the resolution of a claim for defamation does not require interpretation of the collective bargaining agreement, it is not preempted by the LMRA. Plaintiff's claim for negligent misrepresentation does not require interpretation of the Agreement.  By way of his Amended Complaint, the Plaintiff claims that his supervisor, Drew Jones knew that Plaintiff performed his position in a superior manner, that he did not violate any policy or procedure of the Defendant, that he should have known that the Plaintiff was being "set up" for termination and that he failed to prevent this conduct. (Am. Compl., Count Four ¶ 46.) Plaintiff further alleges that he would not have been terminated had Mr. Jones properly supervised him. (Am. Compl., Count Four ¶ 47.) Resolution of this claim does not require reference to the collective bargaining agreement. Accordingly, the Court must hold that Plaintiff's claim for negligent supervision is not preempted by the LMRA.

L. <u>Plaintiff has stated a claim for Negligent Misrepresentation that does not require interpretation of the collective bargaining agreement. (Amended Complaint, Count Five)</u>

"The essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so to his injury." Miller v. Applyby, 183 Conn. 51, 55, 438 A.2d 811 (1981). "An actionable misrepresentation, whether knowingly, recklessly, negligently or innocently [made], must be made for the purpose of inducing action upon it." Id.

Negligent misrepresentation is a "failure to exercise reasonable care or competence in obtaining or communicating the information." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 210, 520 A.2d 217 (1987); *see also* Restatement (Third) of Torts §552 (1979). The Connecticut Supreme Court has long recognized liability for negligent misrepresentation and has held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. Citino v. Redevelopment Agency, 51 Conn. App. 262, 273, 721 A.2d 1197 (198). Further, "[o]ne who in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." D'Ulisse-Cupo, 202 Conn. 218.

Again, it is well established that where the resolution of a claim for defamation does not require interpretation of the collective bargaining agreement, it is not preempted by the LMRA. See Lingle, 486 U.S. 399. "Although a number of courts have considered claims of misrepresentation . . . to be preempted under § 301, *Martin v. Associated Truck Lines*, 801 F.2d

13

246 (6th Cir. 1986); *Bale v. General Telephone Co.*, 705 F.2d 775 (9th Cir. 1986); *Gibson v. A.T. & T. Technologies*, 782 F.2d 686 (7th Cir. 1986), a number of others have followed the rationale discussed in this decision. *Anderson v. Ford Motor Co.*, 803 F.2d 953 (8th Cir. 1986), cert. denied, 483 U.S. 1011, 107 S. Ct. 3242, 97 L. Ed. 2d 747 (1987); *Miller v. Fairchild Industries*, 668 F.Supp. 461 (D. Md. 1987)." Paradis, 672 F.Supp. 67, 71 n.7 (D. Conn. 1987) (Dorsey, J.).

Mr. DeRosa's claim for negligent misrepresentation does not require interpretation of the collective bargaining agreement and is therefore not preempted by § 301 of the LMRA. By way of his Amended Complaint, Plaintiff has alleged that the Defendant instructed him during his training period that each salesperson should turn in paperwork for new accounts at the end of each day, whether or not the final paperwork had been signed by the customer. (Am. Compl., Count Five ¶ 46.) Plaintiff further alleges that he relied on these statements and followed this procedure when he turned in paperwork for a contract that he had secured with National Trucking Company, and that this ultimately led to his suspension and termination. (Am. Compl., Count Five ¶¶ 49, 51.) Finally, Plaintiff alleges that the Defendant instructed Plaintiff to follow a certain procedure in order to induce him to do so, (Am. Compl., Count Five ¶ 47), and that Defendant should have known that this was not proper procedure, (Am. Compl., Count Five ¶ 48). While Mr. DeRosa's claim for negligent misrepresentation "necessarily calls into question the propriety of [his] discharge, defendant is incorrect in concluding that the fact thereby preempts plaintiffs' claims." Paradis, 672 F.Supp. at 71. In order to resolve Plaintiff's claim for negligent misrepresentation, he needs to show that his termination for following procedures as instructed by Defendant was contrary to what Defendant has represented, not that it was unjust. Similarly, the Defendant merely has to show that it made no such representations, and this

inquiry does not require interpretation of the CBA. Accordingly, the Court must hold that Plaintiff's claim for negligent misrepresentation is not preempted by the LMRA.

M. <u>Plaintiff respectfully withdraws his claim for Intentional Infliction of Emotional Distress (Complaint, Count Seven)</u>.

## IV. <u>CONCLUSION</u>

The plaintiff, by way of his Amended Complaint, has stated valid claims for wrongful discharge in violation of § 301 LMRA, breach of implied contract, defamation, false light, negligent supervision and negligent misrepresentation. The drastic measure of dismissal is not warranted and the plaintiff should be afforded an opportunity to proceed to trial on the merits of his claims. Accordingly, the Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss. In the alternative, should the Court deny the Plaintiff leave to amend his complaint and determine that portions of the Plaintiff's original complaint is preempted by § 301 of the LMRA, the Plaintiff respectfully requests that the Court remand the Complaint, with respect to those claims that are not preempted by the LMRA, back to the Connecticut Superior Court.

The Plaintiff,
Louis DeRosa

By: _____
Eugene N. Axelrod (CT00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to the following counsel of record:

Lori B. Alexander, Esq.
TYLER COOPER & ALCORN, LLP
P.O. Box 1936
New Haven, CT  06509-1910

12/19/03
Date

Melissa Toddy
Commissioner of the Superior Court