UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

| | |
|---|---|
| LOUIS DEROSA | CIVIL ACTION |
| | NO: 3:03CV91(AVC) |
| Plaintiff, | |
| v. | |
| SBC a.k.a. SNET | |
| Defendant. | FEBRUARY 9, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT**

This is the opposition of the Southern New England Telephone Company ("SNET"), misidentified in the Complaint as "SBC a.k.a. SNET," to Plaintiff's Request for Leave to Amend Complaint dated December 19, 2003 ("Request to Amend").

**I.   BACKGROUND**

**A.   Factual Background**

Plaintiff Louis DeRosa was an SNET Yellow Pages Telephone Sales Representative. His job was to sell print and electronic Yellow Pages advertisements to existing and potential customers via telephone. A significant portion of his compensation was based on commissions that were payable upon submission of appropriate paperwork with electronic confirmation reflecting customers' orders.

Plaintiff was terminated from employment on December 17, 2001 after SNET learned that he had changed customers' listings to more expensive listings without their permission, had failed to verify accounts in violation of SNET Yellow Pages policies prior to submitting paperwork, had

submitted orders for new listings that customers had not requested, and had failed to give customers discounts to which they were entitled. He did so apparently to increase his commission payments from the company. Following an investigation, he was terminated for mishandling his accounts, violating the Code of Conduct applicable to Sales Representatives, and exhibiting a lack of truthfulness during the investigation.

### B.  Procedural History

After this case has been litigated for a year, the plaintiff attempts now to completely change the claims alleged in his Complaint in response to a Motion to Dismiss filed by SNET back on September 15, 2003. SNET opposes plaintiff's request.

The plaintiff commenced this action by serving on SNET a Superior Court Complaint dated December 13, 2002. The Complaint alleged causes of action for

> Breach of Contract (Count One)
> Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two)
> Common Law Wrongful Discharge (Count Three)
> Negligence (Count Four)
> Misrepresentation (Count Five)
> "Defamation/False Light" (Count Six)
> Intentional Infliction of Emotional Distress (Count Seven)

On January 13, 2003, SNET removed the case to this Court pursuant to 28 U.S.C. § 1446 based on the original jurisdiction of the United States District Court under Section 301 of the Labor Management Relations Act ("LMRA"). Thus, as early as January 13, 2003, plaintiff was aware that SNET maintained the position that plaintiff's claims were within the scope of the LMRA.

The Court thereafter entered a Scheduling Order in the case setting, inter alia, a deadline of March 21, 2003 for plaintiff to amend the pleadings. See Scheduling Order dated March 4, 2003.

On February 25, 2003, SNET filed a Motion for a More Definite Statement seeking a more

definite statement as to plaintiff's claim for defamation. That motion was granted on May 5, 2003, with no opposition from the plaintiff despite the passage of 2 ½ months. Notwithstanding that a Revised Complaint was due by May 15, 2003 to comply with the Court's Order[1], and despite repeated promises by plaintiff's counsel to amend the Complaint, the plaintiff repeatedly delayed complying with the Order. On June 3, 2003, at an in-chambers settlement conference with The Honorable Thomas Smith, SNET's counsel again requested that plaintiff filed a revised complaint forthwith, and plaintiff's counsel represented that he would do so immediately. However, no Revised Complaint was filed. Finally, on July 17, 2003, SNET filed a Motion for Order seeking to strike Count Six of the Complaint for "Defamation/False Light" due to plaintiff's failure to comply with the Court's Order.

It was only after SNET filed the Motion for Order that plaintiff finally revised his complaint by filing a Revised Complaint dated July 28, 2003. In the Revised Complaint, plaintiff alleged basically the same causes of action:

> Breach of Contract (Count One)
> Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two)
> Common Law Wrongful Discharge (Count Three)
> Negligence (Count Four)
> Misrepresentation (Count Five)
> Defamation (Count Six)
> Intentional Infliction of Emotional Distress (Count Seven)

On September 15, 2003, SNET filed a Motion to Dismiss all counts of the Revised Complaint. The Motion to Dismiss is currently pending before the Court. The basis for SNET's Motion to

---

[1] Rule 12(e) of the Federal Rules of Civil Procedure provides that, if a motion for a more definite statement "is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." Fed. R. Civ. Proc. 12(e).

Dismiss is, first, that the Court lacks subject matter jurisdiction over plaintiff's claims because, as a bargaining unit employee, plaintiff was required -- but failed -- to exhaust the grievance and arbitration procedures set forth in the collective bargaining agreement governing his employment. Second, plaintiff's claims, all of which were brought under state law, are preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, inasmuch as plaintiff was a bargaining unit employee and the terms and conditions of his employment were governed by a collective bargaining agreement. Finally, as to Count Six of the Revised Complaint labeled "Defamation," the Court should dismiss this count because it would have no basis for exercising supplemental jurisdiction over a state law claim for defamation once the other claims in the case were dismissed. See Defendant's Memorandum of Law in Support of Its Motion to Dismiss dated September 15, 2003 ("Mem. Motion to Dismiss").

Now, after this case has been pending for a year, and after revising his Complaint once in July without raising any of the claims he now tries to raise, plaintiff is attempting to completely re-plead his case. On December 19, 2003, plaintiff filed a Request for Leave to File Amended Complaint and a proposed Amended Complaint. In it, he completely deletes the claims previously alleged as Count One (Breach of Contract), Count Two (Breach of the Implied Covenant of Good Faith and Fair Dealing), Count Three (Common Law Wrongful Discharge), Count Four (Negligence), and Count Seven (Intentional Infliction of Emotional Distress). SNET has no objection to plaintiff's request to withdraw these claims, all of which are preempted by the federal Labor-Management Relations Act.

However, SNET does object to plaintiff's attempt to add four entirely new causes of action, never before pled during the year this case has been pending. The new claims he attempts to assert are for alleged violation of Section 301 of the Labor-Management Relations Act ("LMRA"), False

4

Light, Negligent Supervision, and Negligent Misrepresentation. The only claim in the proposed Amended Complaint that was previously pled is Count Two for Defamation. Apparently realizing, after a year of litigating the claims, that they have no legal basis, plaintiff attempts to bring several entirely new causes of action. The proposed Amended Complaint dated December 19, 2003 contains the following causes of action:

>Violation of Section 301 of the LMRA (Count One)
>Defamation (Count Two)
>False Light (Count Three)
>Negligent Supervision (Count Four)
>Negligent Misrepresentation (Count Five)

Counts One, Three, Four and Five are entirely new, not having been raised by the plaintiff prior to the December 19th pleading.

## II.  LEGAL ARGUMENT

### A. The Plaintiff Has Not Requested an Extension of the Scheduling Order Deadline for Amending the Pleadings, Nor Has He Set Forth Exceptional Circumstances That Would Warrant an Extension.

As stated above, pursuant to the Scheduling Order entered by the Court in March 2003, the deadline for the plaintiff to amend his Complaint was March 21, 2003.[2] Although plaintiff revised his Complaint once in July 2003 in response to the Court's Order to provide a more definite statement as to the defamation claim, he inexplicably waited almost an additional five months to plead the causes of action he now includes in his proposed Amended Complaint. "Once the scheduling order deadline for amending the pleadings has passed, determining whether to grant leave to file an amended pleading requires a two-step analysis." Financial Holding Corp. v. Garnac Grain Co., 127

---

[2] The original Order on Pretrial Deadlines permitted amendment of the pleadings within 60 days after the filing of the petition for removal, which would have been March 14, 2003. See Order on Pretrial Deadlines dated Jan. 13, 2003.

F.R.D. 165, 165-66 (W.D.Mo. 1989). First, the Court must determine whether the scheduling order deadline should be extended at all; if and only if that decision is in the affirmative should the Court then apply Rule 15(a) of the Federal Rules of Civil Procedure to determine whether the motion for leave to amend should be granted. Id. at 166. "If this approach is not followed, a Rule 16 scheduling order deadline for amending the pleadings becomes essentially meaningless because the Rule 15 free amendment policy puts the burden on the party opposing a requested amendment to demonstrate prejudice." Id. at 166.

In other words, where a plaintiff requests permission to amend his complaint after the deadline for doing so in the Court's scheduling order has passed, he bears the burden of demonstrating good cause why an extension should be granted. Where the plaintiff does not present a persuasive argument why the scheduling order deadline should be extended, a motion for leave to amend filed outside of that deadline should be denied. See id. at 166 (noting that "[u]ntimely amendments can disrupt the parties' discovery planning and otherwise cause delays and increased expenses"); Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320 (5th Cir. 1991) (denying motion for leave to amend pleading, first, because the motion was made past the scheduling order deadline for the filing of amendments).

The plaintiff has not specifically requested an extension of the Scheduling Order deadline for filing an amended complaint. In addition, even if he had, in his Request to Amend, he fails to make a particularized showing -- or any showing -- of exceptional circumstances, good cause, or facts demonstrating that despite due diligence to amend the complaint within the deadline he could not comply with the Court's Order to do so by March 21, 2003.

For these reasons alone, the Motion to Amend should be denied as untimely, without the need

6

for further analysis under Rule 15(a).

### B. The Motion for Leave to Amend Should be Denied Pursuant to Rule 15(a).

Rule 15(a) of the Federal Civil Rules of Civil Procedure provides, inter alia, that a party may, after a responsive pleading has been served, amend a pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). "Although leave to amend pleadings 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), leave to amend is not automatic. The decision to grant or deny a motion to amend is in the sound discretion of the trial court." Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320 (5th Cir. 1991). The Second Circuit has stated that,

> [a]lthough the grant or denial of leave to amend is within the discretion of the district court, a decision without any justifying reason may be an abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Evans v. Syracuse City School District, 704 F.2d 44, 46 (2d Cir. 1983) (internal quotations omitted) (reversing District Court's granting of motion for leave to amend answer). Leave to amend may be denied on a showing of any of the following: 1) undue prejudice to the opposing party, 2) undue delay, or 3) futility of the amendment. See Feldman v. Lifton, 64 F.R.D. 539, 542 (S.D.N.Y. 1974).

### 1. The Motion Should Be Denied Because of Undue Delay.

"Leave to amend should . . . be denied where all of the facts on which the proposed amendment is based were known to the moving part[y] at an earlier date, yet the motion to amend was delayed for a substantial period of time without adequate excuse." Feldman v. Lifton, 64 F.R.D. 539, 542 (S.D.N.Y. 1974); see also Christophides v. Porco, 289 F. Supp. 403, 408 (S.D.N.Y. 1968). "While leave to amend 'shall be freely given when justice so requires,' parties seeking the benefit of

the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989) (internal citation omitted) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Imperial Enterprises, Inc. v. Fireman's Fund Ins. Co., 535 F.2d 287, 293 (5th Cir. 1976)).

Quoting a District of Delaware case, the Second Circuit has stated that "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City School District, 704 F.2d 44, 47 (2d Cir. 1983) (quoting Advocat v. Nexus Inds., Inc., 497 F. Supp. 328, 331 (D. Del. 1980)).

Based on this principle, many courts have denied motions for leave to amend filed significantly after the original pleading, and particularly in cases in which the plaintiff has attempted to interject a new claim near or after the close of discovery. See Barrows v. Forest Labs., Inc., 742 F.2d 54, 56 (2d Cir. 1984) (affirming District Court's denial of leave to amend complaint due to prejudice when significant delay had elapsed since the complaint was originally filed); NL Industries, Inc. v. GHR Energy Corp., 940 F.2d 957, 964 (5th Cir. 1991) (motion to amend to allege additional claims was properly denied where it was filed two years after plaintiff first brought defendant into the litigation, and plaintiff provided no good reason for not having acted sooner); Hollinger-Haye v. Harrison Western, 130 F.R.D. 1, 2 (D.D.C. 1990) (denying plaintiff's motion for leave to amend complaint where motion was filed on the date discovery was due to be completed, and the underlying facts were known to the plaintiff prior to the completion of discovery); Hare v. Family Publications Serv., Inc., 342 F. Supp. 678, 686 (D. Md. 1972) (denying motion for leave to amend complaint, where plaintiff attempted to allege new cause of action but knew of the facts supporting the proposed amendment

from the date the cause of action arose and offered no excuse for the delay).

In Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989), the First Circuit affirmed the District Court's denial of defendant's request to amend its counterclaim to add a new cause of action where

> [o]nly two months remained in an already extended discovery period, and plaintiff was obliged to move for summary judgment within three weeks, or waive the chance. A great deal of discovery had taken place without reference to the neoteric theory, thus prejudicing [the plaintiff]. Most important, defendant never proffered a satisfactory explanation for its delay. In our estimation, there was ample reason to bar the late-emerging counterclaim.

Quaker State, 884 F.2d at 1518.

The present case is much more compelling than Quaker State for denying the plaintiff's Request to Amend. First, at the time the Request to Amend was filed on December 19, 2003, the discovery deadline was just ten days later, on December 29, 2003,[3] and SNET had already filed and extensively briefed a dispositive motion (Motion to Dismiss) on all counts of the Revised Complaint.

Second, as in Quaker State, SNET has served extensive written discovery based on the causes of action alleged in the original Complaint and the July 2003 Revised Complaint. If the plaintiff were allowed to amend his claims to add the additional four causes of action proposed, SNET would be forced to begin discovery all over again, because it would effectively be forced to defend an entirely new case. It is not equitable to permit a plaintiff, on the eve of the Court's ruling on defendant's dispositive motion (Motion to Dismiss) filed 5 months ago, to permit plaintiff to essentially start the case all over again.

Third, the plaintiff's Request to Amend was filed almost a year after the case was commenced,

---

[3] The discovery deadline has since been extended at plaintiff's request to February 27, 2004.

9

nine months after the deadline for doing so in the Court's Scheduling Order had passed, and well beyond the time for any reasonable extension. See "Court Rules on Plaintiff's Motion for Leave to File Amended Complaint," Tinder v. Yale-New Haven Hospital, September 29, 1999 (Chatigny, J.) (copy attached) (denying Plaintiff's Motion for Leave to File Amended Complaint filed almost a year after deadline in Court's Scheduling Order). Parker v. Joe Lujan Enterprises, Inc., 848 F.2d 118, 121 (9th Cir. 1988) (affirming District Court's denial of motion for leave to amend and citing as the first reason that "the motion for leave to amend was untimely under the district court's scheduling order, stipulated to by appellant, in violation of the local rules"). Last, the plaintiff has not offered a satisfactory explanation for his delay.

Plaintiff admits in his Request to Amend that he bears the burden of making a "showing of good cause" for an amendment after the Scheduling Order deadline, see Plaintiff's Request to Amend at 4. However, the only explanation he offers for requesting to completely change his claims after a year of litigation is that, "Until the Defendant filed its Motion to Dismiss, dated August 15, 2003, the undersigned counsel for the Plaintiff had a good faith belief that the claims in the original complaint were not preempted by the Labor Management Relations Act," that he now "realize[s] that Plaintiff's complaint would be preempted as written," and that this is "a complicated area of the law." Mem. Motion to Amend at 5. First, as SNET made clear in its Memorandum of Law in Support of its Motion to Dismiss, the law is crystal clear in this Circuit, and every other circuit of which the undersigned is aware, that the common law claims plaintiff asserted in both the original Complaint and the July 2003 Revised Complaint are all preempted by the LMRA, and that they fail as a matter of law because plaintiff failed to exhaust the mandatory grievance and arbitration procedures set forth in the collective bargaining agreement that governed his employment. See Mem. Motion to Dismiss

10

at 4-17. There is nothing questionable or unclear about this principle. Plaintiff's counsel, "The Employment Law Group," cannot establish good cause for a delay of year in the pleadings by claiming that it is unfamiliar with LMRA preemption principles.

Even if this were a complex or uncertain area of the law, that would not be "good cause" for a plaintiff to completely replead his case a year into the litigation. Plaintiff has not identified a single fact that he did not know at the beginning of the case that he knows today, which could excuse his delay.[4]

### 2.  The Motion Should Be Denied Because It Seeks to Assert Entirely New Causes of Action.

"An amendment offered by the plaintiff may be denied on the grounds of undue delay . . . .where the amendment sets forth an entirely new theory of liability . . . ." 27A Federal Procedure, L. Ed. § 62:282 at 65 (1966); see Barrows v. Forest Labs., Inc., 742 F.2d 54, 58 (2d Cir. 1984).

Both the original complaint and the July 2003 Revised Complaint centered on claims that plaintiff was terminated from employment without just cause and allegedly in violation of the collective bargaining agreement that governed plaintiff's employment. In his proposed Amended Complaint dated December 19, 2003, plaintiff tries to add for the first time a claim SNET "failed to pay Plaintiff commissions owed to him at the time of his termination." Amended Complaint, Count One ¶¶ 59, 70. He also adds a new cause of action labeled "False Light" in Count Three, in which he claims that SBC supervisors made false statements about him which placed him in a "false light that is highly offensive to a reasonable person." Amended Complaint, Count Three ¶¶ 46-51. He further

---

[4] In June, 2003, at the settlement conference in this case, counsel for SNET made clear to plaintiff's counsel that it intended to file a Motion to Dismiss based on LMRA preemption. Plaintiff's counsel offers no reason why it was not until six months later that the plaintiff decided that amendment was necessary to avoid dismissal of his claims.

alleges in Count Four labeled "Negligent Supervision" that his supervisor, Drew Jones, negligently supervised him insofar as he "knew that the Plaintiff performed his position in a superior manner at all times," he "knew or reasonably should have known that the Plaintiff did not violate any policy or procedure of Defendant," he "knew or reasonably should have known that the Plaintiff was being 'set up' for termination by Defendant," and he "failed to investigate, address or stop the foregoing conduct." Amended Complaint, Count Four ¶ 46. In the new Count Five labeled "Negligent Misrepresentation," plaintiff purports to claim for the first time that he was instructed "during his training period that it was standard procedure for each salesperson to turn in paperwork for new accounts at the end of each day," and that this was a negligent misrepresentation because it "was not proper procedure." Amended Complaint, Count Five ¶¶ 46-50.

Clearly, SNET has not sought or obtained any discovery related to any of the above allegations. Because the proposed amendments put numerous new facts in issue and actually set forth entirely new theories of liability, the Request to Amend should be denied. See Parker v. Joe Lujan Enterprises, Inc. 848 F.2d 118, 121 (9th Cir. 1988) (denying plaintiff's motion for leave to amend partially because plaintiff "failed to justify the delay in seeking leave to amend the complaint to assert an entirely new theory of liability which was inconsistent with the original complaint"); Portsmouth Baseball Corp. v. Frick, 21 F.R.D. 318, 320 (S.D.N.Y. 1958) (rejecting plaintiff's contention that its new cause of action was based on essentially the same facts as those already asserted, and denying permission to amend complaint).

3.   **The Motion Should Be Denied Because of Prejudice to the Defendant.**

It is well recognized that adding an additional claim late in a case will almost always cause prejudice to the defendant in the form of a need for "further answer, further pre-trial motions and discovery, further preparation, and further expense." Portsmouth, 21 F.R.D. at 320; see also Barrows v. Forest Labs., Inc., 742 F.2d 54, 59 (2d Cir. 1984) ("appellant's contention that their new claims would not have expanded the scope of discovery defies common sense"). Here in particular, in SNET's discovery in this case, it has focused on documents and facts that the plaintiff relies upon for his claim that he was discharged in violation of a public policy of the State of Connecticut (common law wrongful discharge) and without just cause. Plaintiff's purported new claims open up a panoply of additional needed fact discovery, which will needlessly prolong discovery and dispositive motion in this case, all to the detriment and prejudice of SNET. See "Court's Ruling on Motion for Leave to File Amended Complaint," Tinder v. Yale-New Haven Hospital, Sept. 29, 1999 (Chatigny, J.) (denying Motion for Leave to Amend Complaint as the amendment would "unduly delay final disposition of the action, and plaintiff has failed to show a satisfactory reason for the delay") (copy attached).

The plaintiff's Request to Amend should also be denied because adding the additional claims now would prejudice SNET by requiring additional discovery, most likely another Motion to Dismiss, further answer, further investigation and preparation, and further expense on the part of the company.

4.   **The Motion Should Be Denied Because Some or All of Plaintiff's New Claims Are Barred by the Statute of Limitations.**

The Court should not allow a party to file an amended pleading that will immediately be subject to dismissal based on the statute of limitations, because such an act would be a futile gesture.

See DeLuca v. Atlantic Refining Co., 176 F.2d 421, 424 (2d Cir. 1949), cert. denied, 338 U.S. 943 (1950).

Both plaintiff's claim for Negligent Supervision and Negligent Misrepresentation are barred by the applicable statute of limitations. The statute of limitations in Connecticut for causes of action sounding in negligence is two years. Conn. Gen. Stat. § 52-584. Since plaintiff alleges that he was terminated from employment on December 17, 2001, Revised Complaint at ¶ 39, the statute of limitations for a claim of negligence expired on December 17, 2003. These new claims sounding in negligence are time-barred.

In addition, plaintiff acknowledges that the statute of limitations for claims under Section 301 of the LMRA is six (6) months from the date the employee knew or reasonably should have known of the violation. Mem. Motion to Amend at 8. Since plaintiff admits he was terminated on December 17, 2001, any claim under Section 301 had to be asserted by June 17, 2002. Since this claim is now untimely, plaintiff should not be permitted to amend his Complaint to assert a claim under Section 301 at this time.

## III.   CONCLUSION

For all of the foregoing reasons, SNET respectfully requests that the Request to Amend be denied.

Dated at New Haven, Connecticut this 9th day of February, 2004

        THE DEFENDANT,
        SOUTHERN NEW ENGLAND TELEPHONE
        COMPANY

        */s/ Lori B. Alexander*
        Lori B. Alexander
        (CT08970)
        TYLER COOPER & ALCORN, LLP
        205 Church Street
        New Haven, Connecticut 06509-1910
        Phone: (203) 784-8270
        Fax:   (203) 789-2133
        E-mail: alexander@tylercooper.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN TINDER, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 3:97-CV-01948(RNC) |
| v. | : |
| YALE-NEW HAVEN HOSPITAL | : |
| Defendant. | : JANUARY 12, 1999 |

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Fed.R.Civ.P. §15(a), the plaintiff moves for

---

September 29, 1999.    Tinder v. Yale-New Haven Hosp.
3:97CV01948 (RNC)

Re: Plaintiff's Motion for Leave to File Amended Complaint (doc. # 39)

Denied. The court "plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." Macdraw, Inc. v. CIT Group Equip. Financing, Inc., 157 F.3d 956, 962 (2d Cir. 1997). Moreover, "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998). The Case Management Plan agreed to by the parties and endorsed by the court on December 29, 1997 set forth a deadline of January 31, 1998 for plaintiff to amend her complaint. The motion was filed on January 15, 1999, almost one full year after the deadline. Discovery in this case has amassed thousands of pages of documents, and the discovery deadline has passed. Granting plaintiff's motion at this stage of the litigation would unduly prejudice defendant inasmuch as it would be required to invest further time and expense conducting additional discovery and responding to plaintiff's new case theory. See Casio Computer Co. v. Sayo, No. 98 Civ. 3772 (WK)(RLE), 1999 WL 395386, at *2 (S.D.N.Y. June 15, 1999) ("Where discovery has been closed, subsequent amendment of the pleadings may be found to prejudice the opposing party."). In addition, plaintiff has long known the facts on which a new FMLA claim would be based but did not originally plead them. See id. If the court were to grant plaintiff's motion, it would unduly delay final disposition of the action, and plaintiff has failed to show a satisfactory reason for the delay. So ordered.

Robert N. Chatigny, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

Eugene Axelrod, Esquire
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

on this 9th day of February, 2004.

_____
Lori B. Alexander
Federal Bar No.: CT08970