UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 FEB 19 P 1: 20

LOUIS DEROSA                              : CIVIL ACTION
                                          : NO: 3:03CV91(AVC)
            Plaintiff,                    :
                                          :
      v.                                  :
                                          :
SBC a.k.a. SNET                           :
                                          :
            Defendant.                    :     February 6, 2004

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES ON DEFENDANT

Plaintiff Louis DeRosa, by and through his attorney Eugene N. Axelrod, Esq. of the Employment Law Group, LLC, respectfully moves, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure that this Court grant Plaintiff's Motion for Leave to serve additional Interrogatories to the Defendant.

Plaintiff contends that the information sought through Interrogatory discoveries is not sought to be cumulative or duplicative and is not obtainable from other sources. Plaintiff's First Request for Interrogatories, dated February 6, 2004, contains twenty-seven (27) interrogatories. Additionally, the Plaintiff, in the Report of the Parties' Rule 26(f) Planning Meeting, dated February 24, 2003, stated that he intended to serve forty-five (45) interrogatories in this matter.

Due to the complex nature of this case, Plaintiff has found the need to further request more than the standard twenty-five (25) interrogatories permitted under the Federal Rules of Civil Procedure, and the information sought by these Interrogatories can not be fully answered with any other discovery source. The discovery sought by the

Plaintiff is extremely relevant and probative and should not reasonably burden the Defendant to comply. In support of these allegations, the Plaintiff submits as Exhibit 1 a copy of the Plaintiff's First Set of Interrogatories.

In addition Plaintiff also refers to the Federal Rules with regard to discovery and specifically that of Fed. R. Civ. P. 26 that affords broad discovery rights. *See* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 352, 57 L.Ed. 253, 98 S. Ct 2380 (1978); Hickman v. Taylor, 329 U.S. 495, 507-8, 91L.Ed 451, 67 S. Ct. 385 (1947). *See also*, 6 Moore's Federal Practices 26.1 (Mathew Bender 3rd Ed). Fed. R. Civ. P. 26 authorizes the parties to obtain "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, and all information reasonably calculated to lead to the discovery of admissible evidence." But that such information sought need not be admissible at trial.

Plaintiff also asserts that it does not intend to utilize this request to hinder, burden or impose hardship upon the Defendant, nor does it create the potential abuse of hundreds of thousands of questions it merely requires this addition to request pertinent and relevant discoverable information.

The Plaintiff
Louis DeRosa

By:
Eugene N. Axelrod, Esq. (ct00309)
The Employment Law Group
8 Lunar Drive
Woodbridge, CT 06525
(203) 389-6526
(203) 389-2656

2

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to the following counsel of record:

Lori B. Alexander, Esq.
TYLER COOPER & ALCORN, LLP
P.O. Box 1936
New Haven, CT 06509-1910

_2/17/04_
Date

Eugene N. Axelrod
Commissioner of the Superior Court

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| LOUIS DEROSA | : | CIVIL ACTION |
| | : | NO: 3:03CV91(AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SBC a.k.a. SNET | : | |
| | : | |
| Defendant. | : | February 6, 2004 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Plaintiff, Louis DeRosa, hereby requests that the Defendant, SBC a.k.a. SNET, answer the following Interrogatories and comply with the following Requests for Production separately and fully in writing under oath within (30) days of the service hereof. Supplemental Responses and Production of Documents are requested up until the date of trial as additional information is discovered.

## I.    INSTRUCTIONS

In answering these Interrogatories and Production Requests furnish all information available to you, including information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any part of these Interrogatories in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as possible, stating whatever information or knowledge you have concerning the unanswered or partially answered portion.

In responding to these Interrogatories and Production Requests, please comply with the following instructions:

a.   In each question wherein you are asked to "identify" a person, state with respect to such person his or her (a) name, (b) last-known home address and telephone number, (c) last-known business address and telephone number, (d) last-known employer, together with said employer's address, and (e) said person's relationship to you.

b.   In each question wherein you are asked to "identify" any documents, state with respect to each document: (a) its date, (b) the person originating it, (c) its current location, (d) the person in whose possession or under whose control the documents is and (e) the relationship of said person to you.

c.   If any document requested to be produced was but is no longer in Defendant's possession or control, or is no longer in existence state:

(1)   whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and, if so, to whom, or (d) otherwise dispose of; and

(2)   with respect to each such document and disposition, (a) explain the circumstances surrounding an authorization for such disposition and the approximate date thereof, and (b) state any information available to you which might be helpful in locating originals or copies of the documents in question.

d.   If you assert any privilege with respect to any documents, with respect to each such document:

2

(1) identify it;

(2) state the basis for the claim of privilege;

(3) describe fully the circumstances of the document's origin; and

(4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

These Interrogatories and Production Requests are to be considered to be continuing; you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on your behalf may obtain which will augment or modify your initial answers. Such supplementary responses are to be served upon the plaintiff within (30) days of the receipt of such information.

## II.    **DEFINITIONS**

A.    "Plaintiff": The term "Plaintiff" refers to the Plaintiff, Louis DeRosa, and his agent.

B.    "Defendant": The term "Defendant" means SBC or SNET, and any of its present or former officers, directors, agents, managers, employees, consultants, or representatives of any kind.

C.    "Amended Complaint": The term "Amended Complaint" means the Amended Complaint, dated December 19, 2003, filed by Plaintiff in this action.

D.    "Communication": The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means.

E.    "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including without limitation, letters, minutes,

3

purchase orders, bills, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such materials if defendant does not have custody or control of the originals.

F.   "Parties":  The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean that party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

G.   "Person":  The terms "person" or "individual" are defined as any natural person or any business, legal or governmental entity, or association.

H.   "Concerning":  The term "concerning" means relating to, referring to,  pertaining to, describing, evidencing or constituting.

I.   The words "Defendant" and "you" or "your" shall be deemed synonymous and shall be deemed to include any and all agents, servants, employees, attorneys and other representatives of Defendant.

J.   "All"/"Each":  The terms "all" and "each" shall both be construed as all and each.

## III.     <u>INTERROGATORIES</u>

1. State the name, address, position and department with the Defendant company of each and every person who assisted in preparing the answers to these Interrogatories.

<u>RESPONSE:</u>

2. State the name, address, position and department within the Defendant company of each and every person who you believe has knowledge of any facts relating to the allegations in Plaintiff's Amended Complaint, and/or the Defendant's answer and defenses to the Plaintiff's allegations in the Amended Complaint, and give a detailed description of such knowledge possessed by each individual not subject to attorney-client privilege.

<u>RESPONSE:</u>

3. State the name, address, position and department within the Defendant company of each and every person whom you intend to call as a witness at the trial of this matter, and state with particularity the nature and description of the testimony to be given by each witness and the facts underlying and/or supporting such testimony.

<u>RESPONSE:</u>

4. State the names and address for any and all experts contracted and/or retained by Defendant for purpose of this litigation and for each such expert, please state his/her area of

5

expertise, the subject matter, substance of all facts, and substance of all opinions, and a summary of the grounds on which each opinion is based; and state whether each expert witness is expected to testify at trial of this action.

RESPONSE:

5. State the value and cost (to Plaintiff and Defendant) as of the date of termination from the Defendant company, of the Plaintiff's medical insurance, pension, 401k, dental insurance, life insurance, disability insurance and/or any other benefits received by the Plaintiff and show the formula/method of calculation for arriving at each figure.

RESPONSE:

6. Have you or any employee of Defendant made any statements to any person regarding any of the incidents alleged in the Amended Complaint other than to counsel, including but not limited to customers or employees of Defendant? If so, please state the following:

    (a) The name and address of each person who gave the statement;

    (b) The nature and substance of each such statement;

    (c) The name of each person to whom such statements were made;

    (d) The date(s) on which such statements were made;

    (e) The manner in which the statement was made (i.e., whether oral, written, recorded by electronic device or recorded by a stenographer, etc.);

6

(f) The name of each person having custody, or a copy or copies of each statement; and,

(g) To the best of your knowledge, the name of each person who was present when each statement was made.

RESPONSE:

7. State the name and current job of each person(s) assuming part of all of the tasks, duties and responsibilities that the Plaintiff performed at the time of her termination from the Defendant company; and, state the dates that each such person assumed such tasks, duties and responsibilities; and state the foregoing for the period from Plaintiff's termination to the present time.

RESPONSE:

8. Provide the name and last known address and/or telephone number of each employee of Defendant who worked in the same department as Plaintiff for twenty weeks or more in each year, from January 1, 2000, through the present.

RESPONSE:

9. As to any investigation or inquiry conducted by the Defendant, its employees or contractor, including investigation regarding the allegations in the Plaintiff's Amended

7

Complaint and Defendant's defenses and claims in this matter not subject to the attorney-client privilege, state the following:

    (a)  The date, nature and purpose of any such investigation;

    (b)  The name of each person spoken with and the subject matter of each conversation;

    (c)  Whether any electronic or written record, report or writing was made of it, and if so, the date of each;

    (d)  The name, title, address and telephone number of each person, agency and/or organization conducting the investigation;

    (e)  A description of the subject matter, results and findings of any such investigation;

    (f)  The title or name and date each report, analysis, finding and conclusion was prepared, both written and electronic; and,

    (g)  The name of each person, title and date each individual at Defendant who received a copy of such report, analysis, finding and conclusion.

RESPONSE:

10. State the title and date of each and every employee handbook, manual and publication, as well as any modifications or amendments thereto, published or utilized by the Defendant from January 1, 2000, through the present.

RESPONSE:

8

11. State the title and date of each handbook, manual and/or other publication, as well as modifications and amendments thereto, for use and reference by supervisory and management personnel of the Defendant from January 1, 2000, to the present.

RESPONSE:

12. State the name of each person(s), making or related to a complaint, disposition, settlement agreement, severance agreement, verdict, or award, relative to the issues/claims of wrongful discharge and/or contract, or violation of the Collective Bargaining agreement, including dates filed and/or settled, and state the nature, substance, reason and dollar value of each settlement, award, if applicable, for the period January 1995, through the present.

RESPONSE:

13. State the name and job title within the Defendant company of each person having knowledge of the details of the question(s), concern(s) and complaint(s) referred to in Interrogatory No. 12.

RESPONSE:

14. State the following for all allegations contained in the Plaintiff's Amended Complaint or Defendant's claims and defenses to the allegations in the Plaintiff's Amended Complaint, not subject to the attorney-client privilege:

9

(a) The name and/or title and nature of every written or electronic document which in any way relates to or concerns the above mentioned allegations/claims/defenses;

(b) The name, address and job title of every person with the Defendant company who has knowledge of any facts which relate to or concern the allegations in the Plaintiff's Complaint and the Defendant's claims/defenses;

(c) With respect to each individual identified in your answer to subpart (a) and/or (b) of this interrogatory, set forth in detail, and separately for each person, the precise facts of which said individual has knowledge, as well as the source of said knowledge not subject to the attorney-client privilege; and

(d) Identify all oral conversations or communications (including the name and address of each participant therein and the dates thereof) which related in any way to the allegations in the Plaintiff's Complaint and the Defendant's claims/defenses not subject to attorney-client privilege.

RESPONSE:

15. Please identify each document, by date, title and description, which may be offered as evidence at trial.

RESPONSE:

16.    State whether the Defendant maintains insurance for liability concerning discrimination of employees, breach of contract, wrongful discharge/termination or other matter related to the Plaintiff's claims and allegations in this matter.  If so, please state the following:

(a) The name and address of the insurance carrier;

(b) The Policy Number;

(c) The scope, type and purpose of coverage; and

(d) The policy limits.

RESPONSE:

17.  If the Defendant has been involved in any civil legal action from January 1, 1995 to the present, (including court litigation, administrative agency, CHRO, labor or other claim), relating to violations of a Collective Bargaining Agreement, wrongful discharge/termination, and/or breach of contract/implied contract, either as Defendant or Plaintiff, state the date and place of each such action, including the name of the court and parties involved, the court docket number of all such actions, the names of the attorneys representing each party, a description of the nature of each such action, including the disposition (ie. settlement, verdict, award, order, judgment) of each such action, whether or not there was an appeal, and if so, the result thereof, including the name and citation of each case reported, and the amount of any settlement, judgment or award obtained in each such case.

RESPONSE:

18. State whether you contend that any record, document, e-mail or tangible item concerning the allegations in the Plaintiff's complaint and/or the Defendant's claim/defenses to such allegations has been lost, misplaced, modified, altered or destroyed, and if so, state the following:

    (a) The nature, date and substance of the record, document, e-mail or tangible item;

    (b) The nature and date of the change, alteration or modification;

    (c) The date such record, document, e-mail or tangible item was lost, misplaced or destroyed; and,

    (d) The name, department and job title of each and every person in possession of and/or responsible for said record, document, e-mail or tangible item.

RESPONSE:

19. Is there a specific person in Defendant's company who is designated to answer questions from prospective employers of former employees regarding the employment of former employees? If so, identify the name, title and position of the individual(s).

RESPONSE:

20. State the reason or reasons that Plaintiff was given for his discharge from employment with Defendant, as state the name and position of the individual(s) that informed Plaintiff that he was being terminated, and identify each and every person who participated in the decision to terminate the Plaintiff.

12

RESPONSE:

21. Does Defendant follow a policy of progressive discipline with regard to offenses, violations, infractions, etc.? If so, provide the following:

    (a) A brief explanation of that policy, including a description of the manner in which the policy is carried out;

    (b) How often the Defendant uses its policy of progressive discipline;

    (c) Any circumstances in which the Defendant would not use its policy of progressive discipline before terminating an employee not found in the employee manual;

    (d) Whether the Defendant used its policy of progressive discipline before terminating the Plaintiff in the present action; and

    (e) If the response to subsection (d) above is "No", describe why the Defendant did not use its policy of progressive discipline before terminating the Plaintiff.

RESPONSE:

22. Does Defendant have an official policy and procedure that inside sales representatives are to follow when making sales? If so, provide the following:

    (a) A brief description of the policy and procedure;

    (b) Date when the policy and procedure was implemented;

13

(c) A brief description of Defendant's policy and procedure that inside sales representatives were to follow when making sales prior to the implementation of the policy and procedure described in subsection (a).

(d) Manner in which inside sales representatives were notified about the policy and procedure;

(e) Name and title of each individual who notified inside sales representatives about the policy and procedure;

(f) Whether the policy and procedure was reduced to writing;

(g) Whether the Plaintiff was informed of the policy and procedure;

(h) Whether inside sales representatives received training regarding the policy and procedure;

(i) Whether the Plaintiff attended received training regarding the policy and procedure;

(j) Whether individual inside sales representatives were required to sign a document stating that they had been informed of and understood the new policy and procedure;

(k) Whether the Plaintiff signed a document stating that he had been informed of and understood the new policy and procedure;

(l) Whether there were any other acceptable procedures for inside sales representatives to follow when making sales;

(m) What steps are taken to reprimand inside sales representatives who do not follow Defendant's policy and procedure for making and recording sales?

RESPONSE:

23.    Provide the name and last known address and/or telephone number of the following, from January, 2000, through the present:

(a) Each inside sales representative that was given a warning for failing to follow Defendant's proper policy and procedure for making and recording sales;

(b) Each inside sales representative who was terminated (in whole or in part) for violating Defendant's policy and procedure for making and recording sales;

(c) Each sales representative that allegedly violated Defendant's policy and procedure for making and recording sales, but who was not terminated.  State what disciplinary steps, if any, were taken for such employees.

RESPONSE:

24. Was the Plaintiff issued any warnings about not following the proper procedure for making sales?  If so, provide the following:

(a) Name and position of the person(s) who gave each warning to the Plaintiff;

(b) The date when each warning was given;

(c) Whether the warning was reduced to writing; and

(d) A brief description of the substance of the warning.

RESPONSE:

15

25. Provide the date when Drew Jones became the supervisor of the Plaintiff, and state the name of each person who had previously been the supervisor of the Plaintiff

RESPONSE:

26. Provide the date when Drew Jones was informed that Defendant would be implementing a new policy and procedure by which sales representatives should turn in paperwork for new or renewed accounts.

RESPONSE:

27. State whether Defendant maintains records of voice verifications completed by insider sales representatives, and if so, state the following: (a) how long such records are maintained; (b) the format in which such records are maintained; (c) the procedure by which such records are disposed of.

RESPONSE:

16

## IV.  **REQUESTS FOR PRODUCTION**

1. Copies of the Plaintiff's full personnel file, medical file, discipline file, insurance file and any other files wherever kept relating to the Plaintiff.

RESPONSE:


2. Any and all documents (see definition of "document" in the preceding instructions) reflecting that the Plaintiff was terminated or resigned and the reasons for his termination, resignation or separation from the Defendant.

RESPONSE:


3. Any and all notes, written or electronic stating the reason why the Plaintiff was terminated from his employment.

RESPONSE:


4. Any and all documents reflecting the Plaintiff's job title and description of duties, rate of pay, and salary, including bonuses and commissions, from the date of his hire until the date of his termination from employment at the Defendant.

RESPONSE:


5. Any and all postings, advertisements, notices, flyers, e-mails or other documents advertising, publicizing and offering the Plaintiff's position or a position with substantially similar duties two years prior and one year after the Plaintiff's termination from the Defendant.

RESPONSE:

6. Any and all manuals, handbooks, memos, letters, correspondence, e-mail or other documents describing the practices, policies, procedures and goals of the department, unit, team or group within the Defendant in which the Plaintiff was a member; and also those documents describing the practices, policies, procedures and goals of the Plaintiff's position within in the Defendant company.

RESPONSE:


7. Any and all employee manuals used by the Defendant company for the past five years.

RESPONSE:


8. Any and all memos, letters, correspondence, e-mail or other documents relating to performance of the Plaintiff during his employment at the Defendant.

RESPONSE:


9. Any and all memos, letters, correspondence, e-mail or other document relating to a description of the policy, procedure or system used by the Defendant to evaluate the performance of its employees during the time that the Plaintiff was employed by the Defendant and through the present.

RESPONSE:


10. Any and all letters, notes, memos, reports, evaluations or opinions of experts retained by the Defendant relative to any of the issues involved in this case.

RESPONSE:

11. Any and all letters, notes, memos, correspondence, or reports related to investigation(s) and/or inquiries conducted relative to the Plaintiff and the name(s) of those entities and persons conducting such investigation/inquiry.

RESPONSE:


12. Any and all written or oral statements or stenographic, mechanical, electrical, or other recording or transcription thereof made by any person, including any party to this case, concerning this action or its subject matter.

RESPONSE:


13. Any and all diaries, logs, notes, journals or other stenographic, mechanical, electronic or other recordings prepared by the Defendant, or its employees (including management), agents, servants or other personnel concerning the Plaintiff's employment, termination, resignation or separation from the company.

RESPONSE:


14. Any and all complaints (including those filed internally, in civil court or with the CHRO or NLRB), the disposition, including settlement agreements or severance agreements, verdicts, awards or orders and any memos, notes and correspondence related thereto concerning employees or former employees who complained in writing about any termination, demotion, harassment, discrimination, salary, benefit or bonus dispute for the period that the Plaintiff was employed by the Defendant and through the present.

RESPONSE:

15. Any and all handbooks, pamphlets, booklets, memos, correspondence, e-mails, audio recordings, visual recordings, or other materials outlining rules, regulations, policies or guidelines to be followed by employees, management and other personnel employed by the Defendant, including said materials that may be for supervisory or management personnel only for the period that the Plaintiff was employed the Defendant through the present.

RESPONSE:


16. Any and all memos, notes, correspondence, e-mails, pamphlets, brochures or other documents detailing the benefits provided to the Plaintiff including but not limited to commissions, health insurance, life insurance, pension, retirement, savings plans, profit sharing, stock plans, stock options, vacation, sick days, personal days, or other fringe benefits as of the date of the Plaintiff's separation from the Defendant company.

RESPONSE:


17. Any and all memos, notes, correspondence, e-mails, pamphlets, brochures or other documents detailing commissions paid to the Plaintiff during the year of 2001, including any commissions paid to the Plaintiff following his termination.

RESPONSE:


18. All documents detailing and summarizing the total value of any and all retirement, pension, stock, saving or other benefit accrued by the Plaintiff or that the Plaintiff received or had a vested interest in as of the date of termination/separation from the Defendant and as of the present day.

RESPONSE:

19. Any and all memos, notes, correspondences, e-mails or other documents detailing the rules and regulations of the Defendant company regarding the procedure to be followed by inside sales representatives when completing sales, from January 1, 2000, through the present.

RESPONSE:

20. A copy of the retainer agreement(s) between the Defendant and its law firm used in whole or in part to render legal services in this case.

RESPONSE:

21. Provide a copy of Bill Gilbert's full personnel file, subject to the Joint Protective Order, which has been attached.

RESPONSE:

22. Identify each and every document not previously produced, which the Defendant believes supports its defenses in this matter and/or which the Defendant relied upon in answering the Plaintiff's Interrogatories.

RESPONSE:

21

The Plaintiff,
Louis DeRosa

By_____
Eugene N. Axelrod, Esq. (CT00309)
The Employment Law Group
8 Lunar Drive
Woodbridge CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656
His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to the following counsel of record:

Lori B. Alexander, Esq.
TYLER COOPER & ALCORN, LLP
P.O. Box 1936
New Haven, CT 06509-1910

_2/6/07_____        _____
Date                Eugene N. Axelrod
                    Commissioner of the Superior Court