UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| LOUIS DEROSA | : | CIVIL ACTION |
| | : | NO: 3:03CV91(AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SBC a.k.a. SNET | : | |
| | : | |
| Defendant. | : | March 29, 2004 |

## **MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

The Plaintiff hereby seeks an extension of time of thirty days, up to and including April 30, 2004, in order for the parties to complete discovery in this matter, and an extension of time through and including May 31, 2004, for the Defendant to file a dispositive motion. In support of this request, the undersigned states the following:

1. This extension is necessary in order to finish several items of discovery which have not been completed to date because of scheduling problems of the individuals involved.

2. On December 27, 2003, Lori B. Alexander, Esq., counsel for the Defendant noticed Plaintiff that it would take his deposition on January 23, 2004.

3. On January 13, 2004, counsel for the Plaintiff notified Attorney Alexander, via voice mail message and facsimile, that the Plaintiff would not be available for deposition on that date, and suggested two alternative dates instead.

4. Melissa Grant, an employee of the Plaintiff's law firm, who schedules depositions, left a voice mail message for Attorney Alexander on February 11, 2003 and requested that she provide the Plaintiff with available dates for the Plaintiff to take the deposition of Drew Jones

PDF created with pdfFactory trial version www.pdffactory.com

and Bill Gilbert; she confirmed this request via facsimile on the following day, February 12, 2003.

5. Plaintiff received no response from Attorney Alexander and on February 17, 2004 the Plaintiff noticed Defendant that he would take the depositions of Drew Jones and Bill Gilbert, on February 26, 2004.

6. The depositions of Plaintiff and that of Drew Jones were rescheduled for March 3, 2004, and March 4, 2004, respectively, at the request of Attorney Alexander.

7. Defendant completed the first portion of the Plaintiff's deposition on March 3, 2004.

8. Plaintiff was not able to conduct the deposition of Drew Jones on March 4, 2004, due to a scheduling conflict.

9. On March 2, 2004, the Plaintiff noticed the Defendant that he would take the deposition of Ken Schankie on March 10, 2004, but Attorney Alexander notified the Plaintiff that the Defendant would not be available for the deposition of Ken Schankie on that date.

10. On March 9, 2004, Attorney Alexander notified counsel for Plaintiff that the Defendant would only be available for depositions between March 22, 2004 and the close of discovery on March 31, 2004.

11. Counsel for the Plaintiff informed Attorney Christopher A. Kelland, Esq., counsel for the Defendant, that the undersigned had several depositions and mandatory court hearings already scheduled during that time period, and requested on March 10, 2004 and again on March 12, 2004 that Defendant agree to an enlargement of time to complete discovery.

12. On each of those occasions, Attorney Kelland indicated that Attorney Alexander had not received a response from the Defendant as to whether or not it was in agreement with this request.

PDF created with pdfFactory trial version www.pdffactory.com

13. Plaintiff in a good faith attempt to complete discovery prior to its expiration and notified Defendant via facsimile and letter sent March 23, 2003 that he would take the depositions of Drew Jones and Ken Schankie on Wednesday, March 31, 2004.

14. Counsel for the Defendant telephoned this office on Monday, March 29, 2004 and stated that she would not be available to attend deposition on March 31, 2004 as she would be in court that day.

15. Melissa Grant of Plaintiff's law firm called and left a voice mail message for Lori B. Alexander, Esq., on March 29, 2004, as to whether or not Defendant is in agreement with this request.

16. Counsel for the Defendant has not yet indicated whether she is in agreement with this request.

17. As of this date, Defendant has not re-noticed the Plaintiff for his continued deposition, and therefore, Plaintiff's counsel has not had the opportunity to cross-examine him.

18. Despite diligent efforts, the Plaintiff will not be able to complete depositions within the time provided.

19. This is the Plaintiff's second request for an extension of time with respect to this matter, although the parties did previously file a joint request for extension of the discovery deadline.

WHEREFORE, the Plaintiff respectfully requests that the Court allow the parties additional time, up to and including April 30, 2004, in which to complete discovery.

PDF created with pdfFactory trial version www.pdffactory.com

          The Plaintiff,
          Louis DeRosa

          By: _____
          Eugene N. Axelrod (ct00309)
          The Employment Law Group, LLC
          8 Lunar Drive
          Woodbridge, CT  06525
          Tel.  203.389.6526
          Fax  203.389.2656

## **CERTIFICATION**

     I hereby certify that a copy of the foregoing was sent this 30th day of March, 2004, via facsimile and First Class Mail, postage prepaid, to the following counsel of record:

Lori B. Alexander, Esq.
Christopher A. Kelland, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509-1910

          _____
          Eugene N. Axelrod

4

PDF created with pdfFactory trial version www.pdffactory.com