



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 19 P 4: 39

US DISTRICT COURT
HARTFORD CT

LOUIS DEROSA

Plaintiff

CIVIL ACTION
NO: 3:03CV91(AVC)

3:03cv91 (AVC). April 7, 2004. This is an action for damages brought in connection with a failed employment relationship. The complaint alleges violations of common law precepts concerning breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, negligence, misrepresentation, defamation, and intentional infliction of emotional distress. On September 15, 2003, the defendant, Southern New England Telephone Company, filed a motion to dismiss, arguing that the court was without jurisdiction to hear this matter and that, in any event, the claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. On December 19, 2003, the plaintiff filed the within motion pursuant to Fed. R. Civ. P 16(b) for leave of the court to consider a motion to amend outside the deadlines set forth in the scheduling order and, in this regard, leave under Fed. R. Civ. P 15(a) to file an amended complaint. The proposed amendment omits causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, negligence, and intentional infliction of emotional distress, and adds claims for wrongful discharge in violation of section 301 of the LMRA, negligent supervision, and false light invasion of privacy. The proposed amendment also revises the claims for defamation and negligent misrepresentation. Having considered the contentions of counsel, the court is not persuaded that good cause exists to authorize the within motion beyond the deadline established in the scheduling order. Without citing any authority or offering an affidavit, counsel for the plaintiff asserts that good cause exists because he "had a good faith belief that the claims in the original complaint were not preempted by LMRA" based on advice received from his associate, and that it was only after he received the defendant's opposition memorandum that he realized his error. This is simply not good cause. "`Good cause' under Rule 16(b) exists when evidence [not law] supporting the proposed amendment would not have been discovered `in the exercise of reasonable diligence' until after the amendment deadline had passed." Dewitt v. Hutchins, No. 1:03cv337, *4 2004 WL 609294 (M.D.N.C. March 23, 2004). Errors of law do not amount to good cause, even when the error is made by a pro se litigant. See id. ("[A] party's failure to comply with a scheduling order due to inattention, error, or unfamiliarity with court procedures will not be excused by [a litigant's] pro se status.") There is simply no argument that, with proper diligence, the relevant law in support of this action could not have been discovered. Moreover, even if good cause had been shown, it would be inequitable for the court to allow the plaintiff to proceed on argument brought to light by counsel for the defendant. The motion is therefore DENIED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.