UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LOUIS DEROSA,
   Plaintiff,

VS.

SBC a.k.a. SNET,
   Defendant.

Civil No. 3:03CV91(AVC)

FILED
2004 APR -7  P 1: 16
U.S. DISTRICT COURT
HARTFORD, CT.

**RULING ON THE DEFENDANT'S MOTION TO DISMISS**

This is an action for damages resulting from an alleged wrongful termination of employment. It is brought by the plaintiff, Louis DeRosa, to redress injuries he suffered when the defendant, Southern New England Telephone ("SNET"), terminated his employment as a yellow pages advertising sales representative. After withdrawal of five counts, the complaint alleges negligent misrepresentation and defamation.

SNET now moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted. The issues presented are: 1) whether the claims for negligent misrepresentation and defamation are preempted by section 301 of the Labor Management Relations Act ("LMRA"); and, 2) if the claims are not preempted, whether jurisdiction is appropriate over these state law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367(c).

For the reasons hereinafter set forth, the court concludes that the cause of action for misrepresentation is preempted by the LMRA. The cause of action for defamation, however, is not preempted. Further, the court concludes that the assertion of

federal jurisdiction over the defamation claim would be inappropriate under § 1367(c). The motion to dismiss is therefore GRANTED.

## FACTS

The complaint alleges that on April 20, 2000, SNET hired Louis DeRosa as a yellow pages telephone sales representative. As an employee at SNET, DeRosa belonged to the Communications Workers of America ("CWA") union. SNET is a party to a collective bargaining with CWA. As a sales representative, DeRosa sold print and electronic yellow pages advertisements to existing and potential customers via telephone.

On December 17, 2001, SNET terminated DeRosa's employment after claiming that SNET clients had complained about his service and that DeRosa failed to follow SNET procedures. DeRosa denies these allegations, and alleges that SNET, in terminating his employment, breached the collective bargaining agreement, and misrepresented its obligations to act in accordance with the collective bargaining agreement. Further, DeRosa alleges that one Drew Jones, a SNET supervisor, "falsely accused the plaintiff of trying to gain bonus points when [DeRosa] submitted [client paperwork] when in fact [DeRosa] was only following company procedures."

On December 11, 2002, DeRosa filed this action in the Connecticut superior court, alleging common law precepts concerning breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, negligence,

2

misrepresentation, defamation, and intentional infliction of emotional distress.

On January 13, 2003, SNET removed the action from the Connecticut superior court to this court under 28 U.S.C. § 1446(a), asserting that federal jurisdiction was authorized as the claims required interpretation of the terms of a collective bargaining agreement. Paradis v. United Technologies, 672 F.Supp. 67, 68-69 (D.Conn. 1987)

On July 28, 2003, DeRosa filed a revised complaint setting forth the same causes of action as alleged in the original complaint.

## STANDARD

The function of a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6) is to assess the legal sufficiency of the complaint. Ryder Energy Distrib. Corp. V. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir. 1984). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court construes all well pleaded factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiffs. Still v. DeBuono, 101 F.3d 888 (2nd Cir. 1996); Finnegan v. Campeau, 915 F.2d 824, 826 (2nd Cir. 1990).

"A motion to dismiss should not be granted for failure to state a claim unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts that would entitle him or her to relief. Iosa v. Gentiva Health Services, Inc., 299 F.Supp.2d 29, 31-32 (D. Conn.

3

2004) citing Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329 (2nd Cir. 1997).

## DISCUSSION

SNET moves to dismiss the complaint arguing that it is preempted by LMRA § 301. DeRosa agrees in part with the preemption argument, and withdraws the claims alleging breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, negligence, and intentional infliction of emotional distress. DeRosa does not, however, withdraw the causes of action for misrepresentation and defamation, and maintains that these claims are not preempted by LMRA § 301 because they may be adjudicated without reference to a collective bargaining agreement.

In order to determine whether claims are preempted under § 301 of the LMRA, the court must determine whether the resolution of the asserted claims "requires interpretation of the collective bargaining agreement." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988).

Here, DeRosa's cause of action for misrepresentation arises from his claim that SNET misrepresented its obligations to act in accordance with the collective bargaining agreement. This cause of action therefore requires interpretation of the collective bargaining agreement, and is preempted by § 301 of the LMRA. With respect to the cause of action for defamation, the complaint alleges that a SNET agent "falsely accused the plaintiff of trying to gain bonus points when [DeRosa] submitted [client

4

paperwork] when in fact [DeRosa] was only following company procedures." Resolution of this claim will not require interpretation of a collective bargaining agreement. Accordingly, § 301 does not preempt this cause of action.

## CONCLUSION

28 U.S.C. § 1367(c)(3) authorizes the court to decline to exercise supplemental jurisdiction over state law claims where there is no longer an independent basis for federal jurisdiction. Because there is no longer an independent basis for federal jurisdiction and further, because the court does not perceive there to be any legitimate basis for retaining jurisdiction, see Itar-Tass Russian News Agency v. Russian Kurier, 140 F.3d 442, 442-447 (2nd Cir. 1998), the court concludes that dismissal of this matter is appropriate. The cause of action in defamation is dismissed without prejudice, and may be refiled in the Connecticut superior court. The defendant's motion to dismiss (document no. 20) is therefore GRANTED.

It is so ordered, this 7th day of April, 2004, at Hartford, Connecticut.

Alfred V. Covello<br>
United States District Judge