UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUIS DEROSA | * | CIVIL ACTION |
| | * | NO: 3:03CV91(AVC) |
| Plaintiff, | * | |
| v. | * | |
| SBC a.k.a. SNET | * | |
| Defendant. | * | MAY 28, 2004 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

As the prevailing party in this action, the defendant, Southwestern Bell Yellow Pages, misidentified in the Complaint as SBC a.k.a. SNET ("Yellow Pages"), hereby moves for an award of attorneys' fees to be paid by plaintiff and/or his counsel in this matter pursuant to Rule 54(d)(2) and Rule 11 of the Federal Rules of Civil Procedure. An Affidavit of Lori B. Alexander in support of this motion, stating that more than $18,800.00 in attorneys' fees were incurred by Yellow Pages in defending this action, is also being filed on this same date. Detailed documentary evidence including billing statements can be provided to the Court upon request.

I. **LEGAL STANDARD**

Under Rule 11 of the Federal Rules of Civil Procedure, attorneys' fees may be awarded on any claim which is pursued in bad faith or without any basis in existing law. Fed. R. Civ. Proc. 11. Rule 11 authorizes the District Court to order as sanctions against attorneys and/or parties an award of attorneys' fees where, inter alia,

> the claims, defenses, and other legal contentions . . . are [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or

the allegations and other factual contentions [do not] have evidentiary support or, if specifically so identified, are [not] likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. Proc. 11. "Under Rule 11 sanctions must be awarded when a competent attorney could not have formed a belief after reasonable inquiry that the claims were 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.'" Norris v. Grosvenor Marketing Ltd., 803 F.2d 1281, 1288 (2d Cir. 1986) (emphasis added).

## II. ARGUMENT

Plaintiff's counsel in this case did not have a reasonable belief warranted by existing law that the claims he asserted on behalf of his client were viable claims, since they were all clearly preempted by the federal Labor Management Relations Act, 29 U.S.C. § 185, et seq. The procedural history of this case establishes that plaintiff's claims fall within the standards for an award of attorneys' fees set forth in Rule 11.

### A. Procedural History

By Complaint dated December 11, 2002, the plaintiff commenced this action in Superior Court. He alleged the following seven causes of action:

- breach of contract
- breach of the implied covenant of good faith and fair dealing
- common law wrongful discharge
- negligence
- misrepresentation
- defamation/false light
- intentional infliction of emotional distress.

On January 13, 2003, SNET removed the case to the United States District Court, stating in its Notice of Removal that the removal was based on the original jurisdiction of the United States District Court under Section 301 of the federal Labor Management Relations Act, 29 U.S.C. § 185

2

("LMRA"). See Notice of Removal dated Jan. 13, 2003. Thus, as early as January 13, 2003, plaintiff was aware that Yellow Pages maintained that plaintiff's claims were within the scope of the LMRA.

The Court thereafter entered a Scheduling Order setting, inter alia, a deadline of March 21, 2003 for plaintiff to amend the pleadings. See Scheduling Order dated March 4, 2003.

On February 25, 2003, SNET filed a Motion for a More Definite Statement, requesting that plaintiff amend the count entitled "defamation/false light" to specify what allegedly defamatory words were said, who said the words, and to whom the words were allegedly published. The motion was made under the established principle of law that "a complaint of defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom." 2500 SS Limited Partnership v. White, 1996 WL 4931'88, No. 328934 (Conn. Super. Ct. Aug. 19, 1996) (internal citations omitted).

The plaintiff did not object to Yellow Pages' Motion for a More Definite Statement. Accordingly, the motion was granted by the Court on May 5, 2003. A revised complaint was due by May 14, 2003 pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

The plaintiff did not comply with the Court's Order by revising his Complaint, notwithstanding his counsel's representation that he would do so immediately after a settlement conference with The Honorable Thomas Smith on June 3, 2003. On July 15, 2003, Yellow Pages filed a Motion for Order asking the Court to strike the plaintiff's Complaint or, in the alternative, strike Count Six alleging "defamation/false light" for failure to file an amended complaint in accordance with the Court's Order.

3

Before the motion could be ruled on, plaintiff filed a Revised Complaint dated July 28, 2003 in which he provided more particular information concerning the "defamation/false light" claim.

On September 15, 2003, SNET filed a Motion to Dismiss all counts of the Revised Complaint. The bases for the motion were that (1) the Court lacked subject matter jurisdiction over plaintiff's claims because plaintiff failed to exhaust the grievance and arbitration procedures set forth in the collective bargaining agreement governing his employment; (2) plaintiff's claims, all of which were brought under state law, were preempted by Section 301 of the LMRA; and (3) as to the defamation count, the Court would have no basis for exercising supplemental jurisdiction over a state law claim for defamation once the other claims in the case were dismissed.

On December 19, 2003, just 10 days before the discovery deadline, plaintiff responded to the Motion to Dismiss. His response consisted of a Request for Leave to Amend Complaint, Memorandum in Support of Plaintiff's Request for Leave to Amend Complaint, and Memorandum of Law in Opposition to Defendant's Motion to Dismiss. In these pleadings, after the case had been pending for a year and discovery was almost completed, plaintiff attempted to assert 4 entirely new causes of action never before pled in the case. At the same time, he withdrew 5 of his 7 claims: for breach of contract, breach of the implied covenant of good faith and fair dealing, common law wrongful discharge, negligence, and intentional infliction of emotional distress.[1]

SNET did not object to plaintiff's withdrawal of the 5 counts, all of which were clearly preempted by the LMRA. Plaintiff had no good faith basis to assert these claims in the first place.[2]

---

[1] By withdrawing the 5 claims, plaintiff implicitly acknowledged that these claims had no basis in existing law.

[2] As early as the settlement conference held in the case in June, 2003, counsel for Yellow Pages made clear to plaintiff's counsel that it would file a Motion to Dismiss on the grounds of

4

As the Court explained when it later denied plaintiff's Motion to Amend the Complaint,

> Without citing any authority or offering an affidavit, counsel for the plaintiff asserts that good cause exists [to amend the complaint] because he "had a good faith belief that the claims in the original complaint were not preempted by LMRA" based on advice received from his associate, and that it was only after he received the defendant's opposition memorandum that he realized his error. This is simply not good cause.

Court's Ruling on Motion to Amend dated April 7, 2004. Just as counsel's apparent misunderstanding of the law was not good cause to amend the complaint, it was not good cause to bring the action in the first place.

Not only did plaintiff withdraw 5 counts on December 19, 2003, but he also attempted to add 4 entirely new counts at the same time. On February 9, 2004, SNET filed an Opposition to Plaintiff's Request for Leave to Amend Complaint, in which it objected to the 11th-hour attempt to add 4 new causes of action. The new claims he sought permission to allege were the following:

- violation of Section 301 of the LMRA
- (new) false light claim
- negligent supervision
- negligent misrepresentation

SNET objected to the new claims on the grounds that (1) the request to amend the complaint was made long after the deadline for doing so in the Court's Scheduling Order, (2) the plaintiff had engaged in undue delay, (3) the plaintiff made no showing of "good cause" for the delay, (4) the amendments set forth entirely new theories of liability, (5) the amendments would cause substantial prejudice to defendant, and (6) some or all of plaintiff's new claims were barred by the applicable statutes of limitations. See Opposition to Plaintiff's Request for Leave to Amend Complaint

---

LMRA preemption if the plaintiff did not withdraw his claims. Plaintiff did not withdraw the claims at that time but allowed discovery to proceed requiring Yellow Pages to incur substantial additional time and expense.

5

("Opposition") dated Feb. 9, 2004.

In effect, plaintiff's last-minute withdrawal of his claims for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, negligence, and intentional infliction of emotional distress was an admission by him that the claims were not warranted by existing law. In fact, plaintiff's counsel admitted in his pleadings that he originally believed the claims were not preempted by the LMRA based on advice received from his "associate" attorney at the Employment Law Group, but he later realized his error only when he received Yellow Pages' motion to dismiss. As the Court concluded later when discussing counsel's position, "Errors of law do not amount to good cause, even when the error is made by a pro se litigant." See Court's Ruling dated April 7, 2004 (citing Dewitt v. Hutchins, No. 1:03cv337, *4, 2004 WL 609294 (M.D.N.C. March 23, 2004)). The Court added, "There is simply no argument that, with proper diligence, the relevant law in support of this action could not have been discovered." Court's ruling dated April 7, 2004 (emphasis added).

After the plaintiff withdrew 5 of his claims, the Court dismissed the remaining 2 claims for misrepresentation and defamation. See Ruling on the Defendant's Motion to Dismiss dated April 7, 2004. In its ruling, the Court dismissed the misrepresentation claim on the merits as preempted by the LMRA (in accordance with preemption principles Yellow Pages informed plaintiff's counsel about as early as July 15, 2003),[3] and dismissed the defamation claim because it was inappropriate to assert federal jurisdiction over that claim under 28 U.S.C. § 1367(c).

---

[3] The Court stated, "Here, DeRosa's cause of action for misrepresentation arises from his claim that SNET misrepresented its obligations to act in accordance with the collective bargaining agreement. This cause of action therefore requires interpretation of the collective bargaining agreement, and is preempted by § 301 of the LMRA." Ruling on the Defendant's Motion to Dismiss at 4.

In addition, the court denied plaintiff's Motion to Amend to add 4 new claims, finding that there was no good cause to allow the amendment and that "even if good cause had been shown, it would be inequitable for the court to allow the plaintiff to proceed on argument brought to light by counsel for the defendant." Ruling on Motion to Amend dated April 7, 2004.

SNET should be awarded its attorneys' fees incurred in defending this action. Five out of seven of the claims alleged in this case -- breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, negligence, and intentional infliction of emotional distress -- were ultimately withdrawn by the plaintiff with an implied admission that they had no basis in existing law since there were preempted by the LMRA. As to the remaining 2 claims, the Court held that the claim for misrepresentation was also preempted in accordance with SNET's arguments. It also dismissed the defamation claim as there was not longer a federal question in the case. SNET should be awarded its attorneys' fees incurred in defending against all of the claims made by the plaintiff in this litigation.

## III. CONCLUSION

For all of the aforementioned reasons, Yellow Pages respectfully requests that its Motion for Award of Attorneys' Fees be granted.

Dated at New Haven, Connecticut this 28th day of May, 2004.

>THE DEFENDANT,
>SBC a.k.a. SNET
>
>*/s/ Lori B. Alexander/*
>Lori B. Alexander - (CT08970)
>TYLER COOPER & ALCORN, LLP
>205 Church Street
>New Haven, Connecticut 06509-1910
>Phone: (203) 784-8270
>Fax:    (203) 789-2133
>E-mail: alexander@tylercooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

Eugene Axelrod, Esquire
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

on this 28th day of May, 2004

_____
Lori B. Alexander
Federal Bar No.: CT08970