**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LOUIS DEROSA** | : | **CIVIL ACTION** |
| **Plaintiff** | : | **NO. 3:03CV91 (AVC)** |
| | : | |
| **v.** | : | |
| | : | |
| **SBC a.k.a. SNET** | : | **July 15, 2004** |
| **Defendant** | : | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

**I.     Procedural History**

The Plaintiff commenced this action on December 11, 2002 in Connecticut Superior Court alleging the following counts: (1) Breach of Contract, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Wrongful Discharge, (4) Negligence, (5) Misrepresentation, (6) Defamation/False Light, and (7) Intentional Infliction of Emotional Distress.  On January 13, 2003, the Defendant removed the case to Federal Court.  On February 24, 2003, the parties submitted their Fed. R. Civ. P. 26(f) report to the court which stated that discovery would close on October 30, 2003.  On June 6, 2003, the parties held a settlement conference before Magistrate Judge Thomas P. Smith.  During this settlement conference, counsel representing the Plaintiff, Associate Michael Melly, stated his good faith belief that Section 301 of the Labor Management Relations Act (LMRA) does not preempt the Plaintiff's claims as outlined in his ex-parte settlement memo. (Exhibit A)  Also, during the settlement conference, the counsel for Defendant stated that they would be filing a Motion to Dismiss based on their belief that the Plaintiff's claims were preempted by the LMRA.  However the Defendant decided to wait three (3) months until September 15, 2003 before filing a Motion to Dismiss.

1

PDF created with pdfFactory trial version www.pdffactory.com

During the time period between the settlement conference and the filing of their Motion to Dismiss, the Defendant did not conduct any discovery related to this case. On October 23, 2003, both parties agreed to a joint motion to enlarge discovery since discovery was scheduled to end on October 30, 2003. Finally on December 27, 2003, three (3) months after filing their Motion to Dismiss and six (6) months after the settlement conference, the Defendant began discovery by sending the Plaintiff interrogatories, requests for production and a notice of deposition for Louis DeRosa. On April 7, 2004, this court ruled in favor of the Defendant dismissing all counts except the Defamation count, which the court declined to exercise jurisdiction over. On May 28, 2004 the Defendant filed a motion invoking Fed. R. Civ. P. 11. Accordingly, the Defendant never presented the Plaintiff with a motion pursuant to Fed. R. Civ. P. 11 prior to the dismissal of this case. On May 7, 2004, the Plaintiff filed an Amended Complaint in Connecticut Superior Court including the Defamation count and new claims of Breach of Implied Contract and Breach of Implied Covenant of Good Faith and Fair Dealing which are both solely based upon unpaid commissions owed to the Plaintiff that were not part of this court's previous ruling on Defendant's Motion to Dismiss.

**II.     Legal Standard**

The Defendant is now moving for attorney fees based upon Fed. R. Civ. P. 11 which states,

> By presenting to the court a pleading, written motion, or other paper, an attorney…is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost

PDF created with pdfFactory trial version www.pdffactory.com

of litigation, (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument.

Fed. R. Civ. P 11 mandates sanctions where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success…" International Shipping Co. S.A. v. Hydra Offshore Inc., 875 F.2d 388, 390 (2d. Cir. 1989).

### III.   Argument

#### A.   The Defendant's Motion is untimely under Fed. R. Civ. P. 11(c)(1).

Fed. R. Civ. P. 11(c)(1) states that a motion for sanctions "shall not be filed with or presented to the court unless within 21 days after service of the motion (or such other period as the court may prescribed), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1) "In 1993, the Rule 11 was amended in two respects…[s]econd, a 'safe harbor' provision was added, providing an opportunity to withdraw or correct a challenged submission. Where a sanction is initiated by a party's motion, this provision requires initial service of the motion but delays filing or presentation of the motion to he court for 21 days; filing of the motion is permitted 21 days after service only if the challenged submission is not 'withdrawn or appropriately corrected.'" In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003)   "Motions have been disallowed as untimely when filed after a point in litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." Id.

3

PDF created with pdfFactory trial version www.pdffactory.com

In Footnote 2 of their decision, the Second Circuit cites 2 Moore's Federal Practice § 11.22[1](c) (3d ed. 2001),

> The 21-day, safe-harbor service requirement controls not only the earliest date on which a motion may be filed…, it also indirectly controls the last date on which a Rule 11 sanction motion may be filed.  At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case.  Otherwise, the purpose of the "safe harbor" provision would be nullified.  This has been interpreted to mean that Rule 11 motions must be served at least a full 21 days before the court concludes the case or resolves the offending contention…

In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003).

Since beyond peradventure, the court has already ruled on the pleadings in question, the Plaintiff is unable to "withdraw or correct" the challenged submissions.  Accordingly, pursuant to Fed. R. Civ. P. 11(c)(1)(A) and consistent judicial application, the Defendant's motion for attorneys' fees is untimely defective in application and therefore must be denied.

        **B.**    **Even if the Defendant's motion was timely, Counsel for the Plaintiff made a good faith, reasonable inquiry into the basis of the Plaintiff's complaint before filing his complaint**

The Plaintiff filed his complaint in Connecticut State Court on December 11, 2002 based on counsel's good faith belief that the counts were not preempted by the LMRA.  As stated in his ex-parte settlement memo (Exhibit A), counsel for the Plaintiff believed that the Plaintiff's claims were not preempted by Section 301 of the LMRA since the union's bargaining agreement was not necessary to resolve the claims.  Counsel for the Plaintiff formed this opinion based upon precedent in the following cases: Lingle v. Norge Div. of Magic Chief, Inc., 486 U.S. 399, 405-06, 100 L.Ed. 2d 410, 108 S. Ct.

4

PDF created with pdfFactory trial version www.pdffactory.com

1877 (1988)(holding that "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes"); Wilhelm v. Sunrise Northeast, Inc. 923 F. Supp. 330 (D. Conn. 1995)(citing Lingle, where a state-law claim can be resolved without interpreting the collective bargaining agreement, the claim is "independent" of the agreement and is not preempted by § 301.); Dittman v. Gen'l Motors Corp. Delco Chassis Div., 941 F. Supp. 284, 288 (D. Conn. 1996)(citing Lingle at 410, "when a state law claim can be resolved without interpreting the collective agreement, the claim is independent of it and not preempted by § 301"); Livadas v. Bradshaw, 512 U.S. 107, 124, 129 L.Ed. 2d 93, 114 S.Ct. 2068 (1994)(holding "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished"); and Foy v. Pratt & Whitney Group, 127 F.3d 229, 233 (2d. Cir. 1997)(citing Livadas at 123. "The Supreme Court has 'underscored the point that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.'").

  The second pleading that the Defendant states entitles them to sanctions was Plaintiff's Request to Amend Complaint. Again the Defendant is incorrect. On December 19, 2003, in response to the Defendant's Motion to Dismiss, the Plaintiff filed a Request to Amend Complaint. In support of this motion, counsel for the Plaintiff, Attorney Melissa Toddy conducted a thorough research into whether there was precedent in allowing the Plaintiff to amend his complaint after the deadline to amend had passed.

5

PDF created with pdfFactory trial version www.pdffactory.com

Based upon her research, Counsel for the Plaintiff was able to find numerous cases that supported her position that the Plaintiff could amend his complaint. (Exhibit B - Memorandum in Support of Plaintiff's Request for Leave to Amend Complaint)  Counsel for the Plaintiff had a good faith belief that she would be permitted to amend the complaint in response to the Defendant's Motion to Dismiss.

Counsel for the Plaintiff had a good faith belief based upon the facts of the case, as he knew them at the time the complaint was filed, and based upon the Supreme Court's holdings that "when a state law claim can be resolved without interpreting the collective agreement, the claim is independent of it and not preempted by § 301 of the LMRA."  Lingle at 410. Furthermore, counsel for the Plaintiff applied the same United States Supreme Court standing in Lingle holding that "Preemption under § 301 merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." Id. at 409.  Counsel for the Plaintiff genuinely and in good faith was of the opinion that the complaint was properly filed and that it was not preempted by the LMRA.  However, after receiving the Defendant's Motion to Dismiss, in order to avoid confusion and clarify any misapprehension counsel for the Plaintiff sought in good faith to remove doubt from the original complaint to ensure that there would be no question as to whether or not it was preempted by §301 of the LMRA.

In order for a party's actions to fall under the penalty of Fed. R. Civ. P. 11, the court must find that the party's "claims, defenses, and other legal contentions therein are [not] warranted by existing law."  Counsel for the Plaintiff fulfilled the requirements

6

PDF created with pdfFactory trial version www.pdffactory.com

under <u>International Shipping Co. S.A. v. Hydra Offshore Inc.</u>, 875 F.2d 388 (2d Cir. 1989) to avoid liability under Rule 11 in that Counsel for the Plaintiff had a reasonable basis for the filing of the pleadings (the Plaintiff's complaint and his Request for Leave to Amend Complaint) and Counsel for the Plaintiff reasonably believed that based upon existing precedent there was a chance for success and "conducted a reasonable inquiry into the viability of the pleading before singing it." <u>International Shipping Co.</u> at 390.

The Plaintiff's complaint and Request for Leave to Amend Complaint were both filed in good faith. A <u>fortiori</u>, because a Defendant is successful in their Motion to Dismiss they are not automatically granted an award of attorneys' fees. In fact much of the expense occurred by the Defendant occurred after they filed their Motion to Dismiss as the Defendant did not begin any discovery until three (3) months after their Motion to Dismiss was filed. The Defendant has not presented any case law that shows that they are entitled to attorneys' fees based on Counsel for the Plaintiff's action in this case.

**IV.    Conclusion**

The Defendant's Motion for Attorneys' Fees is untimely under Fed. R. Civ. P. 11(c)(1). Even if the Defendant's motion was not untimely, they still would not be entitled to attorneys' fees because they have failed to show that the Plaintiff did make a good faith, reasonable inquiry into the basis of his pleading and that the actions taken by the Plaintiff's counsel were not warranted by existing law.

                                      LOUIS DEROSA
                                      THE PLAINTIFF

                                      By:_____
                                      Eugene N. Axelrod (ct 00309)

PDF created with pdfFactory trial version www.pdffactory.com

The Employment Law Group, LLC<br>
8 Lunar Drive<br>
Woodbridge CT 06525<br>
Tel: (203) 389-6526<br>
Fax: (203) 389-2656

8

PDF created with pdfFactory trial version www.pdffactory.com

## Certification

This is to certify that a copy of Plaintiff's Memorandum in Opposition to Defendant's Motion for Award of Attorneys' Fees has been sent via first class mail, postage pre-paid this _____ day of July, 2004 to the following counsel of record:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven CT 06509-1910

_____
Eugene N. Axelrod

PDF created with pdfFactory trial version www.pdffactory.com