UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LOUIS DEROSA** | : | **CIVIL ACTION NO.** |
|    **Plaintiff** | : | **3:03CV91 (AVC)** |
| | : | |
| **v.** | : | |
| | : | |
| **SBC/SNET** | : | **July 16, 2004** |
|    **Defendant** | : | |

## PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S VERIFIED BILL OF COSTS

Pursuant to Local Rule 54(b) the Plaintiff hereby files his opposition to the Defendant's Verified Bill of Costs.

### I.   Procedural History

The Plaintiff commenced this action on December 11, 2002 in Connecticut Superior Court alleging the following counts: (1) Breach of Contract, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Wrongful Discharge, (4) Negligence, (5) Misrepresentation, (6) Defamation/False Light, and (7) Intentional Infliction of Emotional Distress.  On January 13, 2003, the Defendant removed the case to Federal Court.  On February 24, 2003, the parties submitted their Fed. R. Civ. P. 26(f) report to the court which stated that discovery would close on October 30, 2003.  On September 15, 2003, the Defendant filed a Motion to Dismiss.  On October 23, 2003, both parties agreed to a joint motion to enlarge discovery since discovery was scheduled to end on October 30, 2003.  Finally on December 27, 2003, three (3) months after filing their Motion to Dismiss the Defendant began discovery by sending the Plaintiff interrogatories, requests for production and a notice of deposition for Louis DeRosa.  On

1

PDF created with pdfFactory trial version www.pdffactory.com

March 4, 2004, the Defendant deposed the Plaintiff. On April 7, 2004, this court ruled in favor of the Defendant dismissing all counts except the Defamation count, which the court declined to exercise jurisdiction over. On May 7, 2004, the Plaintiff filed an Amended Complaint in Connecticut Superior Court including the Defamation count and new claims of Breach of Implied Contract and Breach of Implied Covenant of Good Faith and Fair Dealing which are both solely based upon unpaid commissions owed to the Plaintiff that were not part of this court's previous ruling on Defendant's Motion to Dismiss.

**II.    Facts**

The Plaintiff worked for the Defendant for two years prior to being terminated by the Defendant. The Plaintiff was employed as a senior salesman and was the number one ranked salesman in the state of Connecticut in selling yellow pages, direct mailing and internet advertisements. Part of the Plaintiff's claim against the Defendant, which was never disputed by the Defendant, was that the Plaintiff was the top sales performer for the Defendant corporation, thus entitling him to commissions on his sales. While the Plaintiff worked for the Defendant, the Defendant corporation changed their policies and procedures for selling advertisements without informing the Plaintiff. Since the Plaintiff was unaware of this change, he was unable to comply with the new procedures which the Defendant used to terminate the Plaintiff from his job.

As a result of the Defendant's actions in terminating the Plaintiff, the Plaintiff was without any income and was unable to find employment for a number of years. Nonetheless, the Plaintiff felt strongly enough about the merits of his claim to pursue a complaint against the Defendant for wrongful termination and unpaid commissions.

PDF created with pdfFactory trial version www.pdffactory.com

Though not receiving any income, the complaint required the Plaintiff to spend a great sum of money in hopes of correcting the wrongs that he believed were committed against him by the Defendant corporation. The Defendant, SBC/SNET is a large corporation that has not been greatly prejudiced by having to pay their own costs in defending this case. The Plaintiff has already suffered substantially through the of loss of income, humiliation, loss of his career path, time and effort and the Plaintiff's attorney fees, court and deposition expenses. To now require him to pay for the Defendant corporation's expenses for removing the case to Federal court and their deposition expenses would cause substantial financial detriment to the Plaintiff. The costs associated with the Defendant's defense of this case have only a de minimus affect upon the Defendant corporation while severely adding to the Plaintiff's financial hardship. For the court to require individuals to pay the costs of Defendants for unsuccessful lawsuits would create a chilling effect upon the entire judicial system.

**III.     Legal Standard**

The award of costs in cases pending in the United States district courts is governed solely by federal law and rests, to a good extent in the discretion of the court. Fed. R. Civ P. 54(d), 28 U.S.C.A. §1821. Allowance of costs to the prevailing party is not a matter of absolute right, but rather the trial court has the inherent power to disallow a part or all of the costs. Bush v. Remington Rand, C.A. 2 (Conn. 1954), 213 F.2d 456. Power to award costs to prevailing party in civil dispute is matter within the sound discretion of the district court. McGill v. Faulkner, C.A. 7 (Ind.) 1994, 18 F.3d 46,

3

PDF created with pdfFactory trial version www.pdffactory.com

rehearing and suggestion for rehearing en banc denied, certiorari denied 115 S.Ct. 233, 53 U.S. 889, 130 L.Ed.2d. 157.

IV.   Argument

    A.   **It is inequitable for the court to impose costs upon the Plaintiff in this case.**

Imposition of costs is intended not to penalize unsuccessful parties but to compensate the prevailing party for certain expenses reasonably and necessarily incurred. It is hornbook law that the court must be wary lest the threats of imposition of costs result in deterring litigants from the pursuit of redress against corporations that may reasonably be the proximate cost of damages. Alonso v. Union Oil Co. of California, 71 F.R.D. 523 (S.D.N.Y. 1976). Items proposed by the prevailing party should always be given careful scrutiny. Farmer v. Arabian Am. Oil Co., 85 S.Ct 411, 379 U.S. 227, 13 L.Ed. 2d 248. The Plaintiff filed this case utilizing Connecticut common law. The Plaintiff paid the filing fee to file his complaint in state court as required. Although the Defendant then decided sua sponte to remove the case to Federal Court it now asks the Plaintiff to pay for the additional cost of removal. The decision to remove the case was the Defendant's and the Defendant's alone for their own tactical reasons. Requiring the Plaintiff to pay Defendant's cost of removal under the circumstances of a good faith attempt to correct a wrong can only place a deterrent effect upon other individuals seeking to have their day in court. Additionally, the requirement to pay costs would unnecessarily magnify the severe financial hardships beyond that which the Plaintiff has already suffered.

The Defendant is a large corporation who imposed a great financial and professional loss upon the Plaintiff by terminating him from his job with their company.

4

PDF created with pdfFactory trial version www.pdffactory.com

The Plaintiff, though ultimately unsuccessful, sought the help of the judicial system in pressing what he felt were meritorious claims against his former employer.  The Defendant, having once penalized the Plaintiff by terminating him from his job, causing him humiliation, loss of his career and loss of his income, is now attempting to penalize the Plaintiff again by forcing him to pay the Defendant for exercising his right to pursue his claims in court.  While the Second Circuit has not ruled on whether former employees should pay costs when suing their former employer other courts have addressed this issue. The United States District Court for the District of Massachusetts has held that the award of costs to a prevailing former employer in a former employee's action for wrongful discharge where the employee had a colorable, though unsuccessful claim was not warranted where the imposition of costs would have worked significant hardship on the employee and the employer's financial resources vastly exceeded the employee. Mulvihill v. Spalding Worldwide Sports, Inc., 239 F. Supp. 121 (D. Mass. 2002).  The United States District Court for the Northern District Court of Illinois has ruled that an individual who had brought suit would not be required to bear the costs of the successful defense of that action, where the claim appeared colorable and the taxation of costs would impose great hardship on the individual and the amount of costs were immaterial to the defendant which was a multibillion dollar corporation.  Sanford v. CBS Inc. 108 F.R.D. 42 (N.D. Ill. 1985)

The Plaintiff brought his case against his former employers in good faith.  It was solely the Defendant's decision to remove the case from state court to federal court.  On March 4, 2004, the Defendant decided to take the Plaintiff's deposition while the Motion to Dismiss was still pending.  On April 7, 2004, this court granted the Defendant's

5

PDF created with pdfFactory trial version www.pdffactory.com

Motion to Dismiss on all of the counts except the Defamation count, which the court declined to exercise jurisdiction over. On May 7, 2004, the Plaintiff filed an Amended Complaint in Connecticut Superior Court which included the Defamation count. The deposition of the Plaintiff, which the Defendant delayed taking until almost six (6) months after filing their Motion to Dismiss will be a necessary element in the pending state court case. The Plaintiff's deposition, as is any deposition taken for any case, is a routine and necessary expense that each party in a lawsuit expects to incur. The Defendant made the decision to take the deposition before the court rendered a decision concerning Defendant's Motion to Dismiss. It would be inequitable and constitute a hardship to burden the Plaintiff who has already paid substantial expenses and put substantial time and effort in the pursuit of his case the added financial penalty of paying for the Defendant's decision to take his deposition before the court had ruled on Defendant's motion.

**IV.   Conclusion**

The Defendant's Bill of Costs should be denied since it would be inequitable to create additional financial hardship for the Plaintiff because he exercised his rights to pursue a wrongful termination claim against his former employer. The Defendant corporation is large enough that they would not be prejudiced in this case by having to pay the cost of their decision to remove the case from state to federal court and for taking the deposition of the Plaintiff that will still be needed in the pending state court case.

6

PDF created with pdfFactory trial version www.pdffactory.com

        The Plaintiff
        Louis DeRosa


        By:_____
        Eugene N. Axelrod, Esq. (ct 00309)
        The Employment Law Group, LLC
        8 Lunar Drive
        Woodbridge CT 06525
        Tel: (203) 389-6526
        Fax: (203) 389-2656

Case 3:03-cv-00091-AVC     Document 71     Filed 07/20/2004     Page 7 of 8

PDF created with pdfFactory trial version www.pdffactory.com

## **Certification**

This is to certify that a copy of the Plaintiff's Opposition to the Defendant's Verified Bill of Costs has been sent via first class mail, postage pre-paid this ____ day of July 2004 to the following counsel of record:

Lori B. Alexander, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven CT 06509-1910

_____
Eugene N. Axelrod

PDF created with pdfFactory trial version www.pdffactory.com