UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| LOUIS DEROSA | : | CIVIL ACTION |
|  | : | NO: 3:03CV91(AVC) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| SBC a.k.a. SNET | : |  |
|  | : |  |
| Defendants. | : | September 2, 2004 |

**Memorandum in Support of Plaintiff's Motion to Remand**

Plaintiff respectfully submits this Memorandum of Law in support of his Motion to Remand his remaining state law claims pursuant to 28 U.S.C. § 1441(c).

**I. Procedural History**

The Plaintiff, Louis DeRosa initiated this action on December 11, 2002 in the Connecticut Superior Court alleging the following counts: (1) Breach of Contract, (2) Breach of The Implied Covenant of Good Faith and Fair Dealing, (3) Wrongful Discharge, (4) Negligence, (5) Misrepresentation, (6) Defamation/False Light and (7) Intentional Infliction of Emotional Distress.  On January 13, 2003, the case was removed to Federal Court.  On February 24, 2003, the parties submitted their Fed. Civ. P. 26(f) report to the court which stated that discovery would close on October 30, 2003.  On September 15, 2003, the Defendant filed a Motion to Dismiss.  On October 23, 2003 both parties agreed to a Joint Motion to Enlarge Discovery beyond the October 30, 2003 deadline. On December 27, 2003, Defendant initiated its discovery by sending Plaintiff interrogatories, requests for production and a notice of deposition for the Plaintiff, Louis DeRosa. On April 7, 2004 this court dismissed the Plaintiff's complaint finding that all

1

PDF created with pdfFactory trial version www.pdffactory.com

claims except for the defamation claim were pre-empted by §301 of the Labor

Management Relations Act. After declining to exercise jurisdiction over the defamation

claim, the court failed to remand the claim back to Connecticut Superior Court.

## II. The State Law Claims Should be Remanded to the Connecticut Superior Court.

Pursuant to 28 U.S.C. § 1441, this court should remand the remaining state law

defamation claim to the Connecticut Superior Court. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be
> removable if sued upon alone, is joined with one or more otherwise non-
> removable claims or causes of action, the entire case may be removed and the
> district court may determine all issues therein, or, in its discretion, may remand all
> matters not otherwise within its original jurisdiction. 28 U.S.C. § 1441.

"Under 28 U. S. C. § 1441(c), a court may remand any claim that is both independently

nonremovable and 'separate and independent' of the claim providing the basis for

removal of the case." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 346-47 (1988).

"Where no federal-law claims remain and judicial economy, convenience and fairness do

not demand that the district court hear pendent claims, it is appropriate for the district

court to remand the case back to the state court." Certilman v. Becker, 807 F. Supp. 307

(S.D.N.Y., 1992) citing Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988). "If

the court relinquished pendent jurisdiction by dismissing a plaintiff's case, plaintiffs

might encounter problems with timeliness under the governing statutes of limitations, and

the cost and expense of litigating on the part of the parties and the state court would be

needlessly exacerbated." Certilman v. Becker, 807 F. Supp. 307 (S.D.N.Y., 1992).

The Plaintiff's federal claims have been dismissed, leaving only his claim of

defamation which arises under Connecticut State Law. This Court has declined to

exercise jurisdiction over the state law claim under 28 U.S.C. § 1367(c). The Plaintiff

PDF created with pdfFactory trial version www.pdffactory.com

has been unable to file in state court because the Defamation claim has not been dismissed or remanded.  To dismiss this claim would be detrimental to the Plaintiff's ability to continue with his claim because of the applicable statute of limitations.  Rather it is appropriate and necessary that this court remand the remaining defamation claim back to the Connecticut Superior Court in order that the Plaintiff may be heard on his claim of defamation.

**III. Conclusion**

   For the foregoing reasons, the Plaintiff respectfully requests that this court grant its motion, and remand the state law Defamation claim to the Connecticut Superior Court.

The Plaintiff,
Louis DeRosa


By:  _____
Eugene N. Axelrod (CT00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT  06525
Tel.  (203) 389-6526
Fax  (203) 389-2656

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATION

This is to certify that a copy of Plaintiff's Memorandum in Support of his Motion to Remand has been sent via first class mail, postage pre-paid this _____ day of September, 2004 to the following counsel of record:


Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven CT 06509-1910


_____
Eugene N. Axelrod

PDF created with pdfFactory trial version www.pdffactory.com