UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **LOUIS DEROSA** | * | CIVIL ACTION |
| | * | NO: 3:03CV91(AVC) |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **SBC a.k.a. SNET** | * | |
| | * | |
| Defendant. | * | SEPTEMBER 7, 2004 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S REPLY TO OPPOSITION
### TO VERIFIED BILL OF COSTS

This is the reply of defendant Southwestern Bell Yellow Pages ("Southwestern Bell"), misidentified in the Complaint as SBC a.k.a SNET, to Plaintiff's Opposition to the Defendant's Verified Bill of Costs dated July 16, 2004 ("Opposition" or "Pl. Opp.").

**I.    FACTS**

Southwester Bell disagrees with most of plaintiff's characterizations of the facts of this case. By way of examples, Southwestern Bell denies the plaintiff's allegation that he was "a top sales performer" for the defendant corporation. See Pl. Opp. at 2. Southwestern Bell denies that it changed its policies and procedures for selling advertisements and did not inform the plaintiff. See id. It further denies that the plaintiff was "unable" to comply with any of Southwestern Bell's procedures. See id.

Moreover, most of plaintiff's assertions in his Opposition are completely irrelevant to the Court's consideration of Southwestern Bell's Verified Bill of Costs filed as the prevailing party in this

case. Plaintiff states, "though not receiving any income, the complaint required the Plaintiff to spend a great sum of money in hopes of correcting the wrongs that he believed were committed against him by the defendant corporation." Pl. Opp. at 3. By this statement, plaintiff apparently asserts that he has paid his own lawyer "a great sum of money" to pursue claims that were all ultimately dismissed by the Court and that somehow that fact should trump Southwestern Bell's clear right to be reimbursed for its costs as the prevailing party in the case. Plaintiff's argument is neither logical nor compelling.

## II.   ARGUMENT

Rule 54 of the Federal Rules of Civil Procedure states that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Thus, while courts do have the discretion to limit taxable costs to the prevailing party, Rule 54 "creates a strong presumption that the prevailing party will recover costs under the Rule." 10 James William Moore et al., Moore's Federal Practice § 54.101[1][a] (3d ed. 2004). In fact, "[t]he presumption is so strong that if the judgment entered by the district court is absolutely silent as to costs, the judgment is presumed to be one allowing costs." Id. "The presumption that the prevailing party is entitled to costs must be overcome by some showing that an award would be inequitable under the circumstances. The losing party bears the burden of making this showing." Id. at § 54.101[a][b].

In his Opposition, plaintiff argues that, because he allegedly sued Southwestern Bell in "good faith," he should be immune from Rule 54(d) and should not be required to pay defendant's costs. Pl. Opp. at 4, 5. That argument lacks merit. First, the fact that plaintiff's frivolous common law

claims[1] were clearly preempted by the Federal Labor Management Relations Act belies his assertion of "good faith." See Court's Ruling on Defendant's Motion to Dismiss dated April 7, 2004. Furthermore, even if the plaintiff had proceeded with his case in good faith, the law is clear that "[t]he mere fact that the losing party litigated the action in good faith is not sufficient ground for denying costs to the prevailing party." 10 James William Moore, et al., Moore's Federal Practice § 54.101[1][a] (3d ed. 2004); see also In re Paoli R.R. Yard PCB Litig., 221 F. 3d 449, 465-467 (3d Cir. 2000) (district court may not consider losing parties' good faith as a reason to reduce taxation of costs). Thus, even if the Court were to credit plaintiff's claim that he litigated this action in good faith, this factor would be irrelevant and clearly insufficient to overcome the strong presumption in favor of awarding costs to defendant.

Nor does plaintiff make any credible claim that it would be inequitable for him to be taxed costs in this matter. Southwestern Bell's Bill of Costs consists of two parts, both of which reflect expenses necessarily incurred as a result of plaintiff's wasteful and frivolous actions in this case.[2] The $150 fee for removing the case from state court was made necessary because of plaintiff's claims that fell within the purview of the Federal Labor Management Relations Act, a federal statute which invokes the jurisdiction of the federal court. Because plaintiff's complaint on its face plainly implicated – and was preempted by – a federal statute, it was clearly foreseeable that the defendant would remove the case to federal court and incur expenses in connection with the removal.

---

[1] The sole claim that was not dismissed by the Court with prejudice was plaintiff's common-law defamation claim, which was dismissed without prejudice on the grounds that there was no longer an independent basis for federal jurisdiction.

[2] Clearly, it is not necessary for Southwestern Bell to show that plaintiff engaged in frivolous actions in order to have its costs taxed under Rule 54(d)(1).

3

Similarly, the $1,003 transcript fee was incurred as a direct result of plaintiff's refusal to withdraw his claims -- even after he was made fully aware that his claims were preempted by the Federal Labor Management Relations Act ("LMRA"). Southwestern Bell filed its Motion to Dismiss on September 15, 2003, thereby putting plaintiff on clear notice that most of his claims were preempted by the LMRA, and were therefore entirely without merit and subject to dismissal. Thereafter, defendant gave plaintiff ample opportunity to withdraw his complaint, but plaintiff refused to do so. When it became clear that plaintiff planned to proceed with his claims in the face of clear authority that they were preempted by the LMRA, Southwestern Bell took plaintiff's deposition on March 4, 2004 -- nearly six months after having filed its Motion to Dismiss. Plaintiff had ample opportunity to withdraw his complaint and cannot now claim that it is somehow inequitable[3] to assess him the costs that were made necessary by his own decision to continue to prosecute claims that were plainly devoid of legal merit.

---

[3]  Furthermore, the case law cited by plaintiff in support of his claim of "inequity" does little -- if anything -- to support his argument. One case cited by plaintiff, Sanford v. CBS Inc., 108 F.R.D. 42 (N.D. Ill. 1985), is plainly inapposite in that the Sanford court did not decide the issue of costs in the context of Rule 54, but rather considered the issue in the context of 17 U.S.C. § 505 of the Copyright Act. The Copyright Act, unlike Rule 54, does not create a presumption in favor of assessing costs for the prevailing party. Id. at 43. Mulvihill v. Spalding Worldwide Sports, Inc., 239 F. Supp. 2d 121 (D. Mass. 2002), the other case upon which plaintiff bases his "equity" argument, is similarly unavailing to plaintiff's argument. In Mulvihill, the court determined that the plaintiff had brought a colorable claim against the defendant, but that the facts ultimately did not support the plaintiff's claims. Id. at 122 ("Plaintiff had a colorable claim . . . and conducted his case in a professional and honorable manner, without unduly escalating costs.") The same cannot be said of plaintiff's claims here, as plaintiff was made fully aware that his case lacked any merit as early as September 15, 2003, yet he nevertheless continued to prosecute his case and run up costs -- even after it was clear that virtually all of his claims were preempted by the LMRA.

## III.   CONCLUSION

Plaintiff has failed to overcome the strong presumption in favor of allowing the prevailing party to recover its taxable costs in this case. Moreover, it is not inequitable to assess taxable costs to the plaintiff because the costs that Southwestern Bell now seeks to recover were necessitated by plaintiff's decision to prosecute his complaint despite overwhelming authority that his claims were preempted by the LMRA and/or otherwise subject to dismissal. In short, plaintiff's pleading "financial hardship" after bringing frivolous claims that have caused defendant to incur substantial economic costs, as well as emotional energy and human resource burdens, is not sufficient to defeat defendant's entitlement to reimbursement for its out-of-pocket costs and expenses in successfully defending this matter. This is not a request for an award of attorneys' fees.[4] As the prevailing party, Southwestern Bell is legally entitled to reimbursement for its costs. Plaintiff should be assessed the costs enumerated in defendant's Verified Bill of Costs.

Dated at New Haven, Connecticut this 7th day of September, 2004.

THE DEFENDANT,
SBC a.k.a. SNET

*Lori B. Alexander*
Lori B. Alexander - (CT08970)
TYLER COOPER & ALCORN, LLP
205 Church Street
New Haven, Connecticut 06509-1910
Phone: (203) 784-8270
Fax:    (203) 789-2133
E-mail: alexander@tylercooper.com

---

[4]   Southwestern Bell has separately filed a Motion for Award of Attorney's Fees in this matter.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

Eugene Axelrod, Esquire
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

on this 7th day of September, 2004

                                                                              Lori B. Alexander
                                                                              Federal Bar No.: CT08970