UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS DEROSA | CIVIL ACTION |
| | NO: 3:03CV91(AVC) |
| Plaintiff, | |
| v. | |
| SBC a.k.a. SNET | |
| Defendant. | SEPTEMBER 7, 2004 |

### DEFENDANT'S REPLY TO OPPOSITION TO AWARD OF ATTORNEYS' FEES

This is the reply of defendant Southwestern Bell Yellow Pages ("Southwestern Bell"), misidentified in the Complaint as SBC a.k.a SNET, to Plaintiff's Memorandum in Opposition to Defendant's Motion for Award of Attorney's Fees dated July 15, 2004 ("Pl. Opp." or "Opposition").

In his Opposition, plaintiff makes two arguments: (1) that Rule 11's "safe harbor" provision prevents Southwestern Bell from recovering its attorneys' fees in this case; and (2) that plaintiff had a good faith, "reasonable" basis for prosecuting his complaint and therefore an award of attorneys' fees is unjustified. Both of plaintiff's arguments are without merit.

First, defendant's Motion for the Award of Attorneys' Fees was brought at the end of the case pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. Unlike Rule 11, Rule 54 does not

*ORAL ARGUMENT IS NOT REQUESTED*

contain a "safe harbor" notice requirement,[1] and plaintiff has not offered any authority for the application of a safe harbor requirement to a motion made pursuant to Rule 54. Plaintiff's attempted reliance on a "safe harbor" provision is thus misplaced.

An award of attorneys' fees to Southwestern Bell in the present case is both authorized by the Federal Rules and appropriate under the circumstances. Attorneys' fees may be awarded under Rule 54 "[w]hen a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." 10 James William Moore et al., Moore's Federal Practice § 54.171[2][c] (3d ed. 2004). "Such a fee award is permissible under the bad faith exception to the American Rule, and its purpose is to compensate the wronged party, punish the wrongdoer, and protect the integrity of the court." Id.; see also Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 419 (1978) ("it has long been established that even under the American commonlaw rule attorney's fees may be awarded against a party who has proceeded in bad faith").

While it is true that courts may exercise their discretion when determining whether to assess attorneys' fees against a losing party in litigation, such an assessment is appropriate here. Southwestern Bell's attorneys' fees incurred in defending itself in this action could have been avoided if plaintiff and his attorney had properly considered the Labor Management Relations Act prior to bringing suit in this case or at any of several opportunities during this litigation. Instead, more than one year after the litigation was commenced, and only after Southwestern Bell had filed a Motion to Dismiss all counts of the Complaint, the plaintiff withdrew five of the seven counts of his original Complaint and moved to amend the Complaint to add four entirely new causes of action. See

---

[1] After a case is concluded, a Rule 11 "safe harbor" notice and opportunity to correct would be meaningless and impossible, given that judgment has already entered.

Defendant's Opposition to Plaintiff's Request for Leave to Amend Complaint dated February 9, 2004.

The Motion to Amend was denied by the Court, which concluded that,

> Having considered the contentions of counsel, the court is not persuaded that good cause exits to authorize the within motion beyond the deadline established in the scheduling order. Without citing any authority or offering an affidavit, counsel for the plaintiff asserts that good cause exists because he 'had a good faith belief that the claims in the original complaint were not preempted by LMRA' based on advice received from his associate, and that it was only after he received the defendant's opposition memorandum that he realized his error. This is simply not good cause. 'Good cause' under Rule 16(b) exists when <u>evidence</u> [not law] supporting the proposed amendment would not have been discovered 'in the exercise of reasonable diligence' until after the amendment deadline had passed. <u>Dewitt v. Hutchins</u>, No. 1:03CV337, *4, 2004 WL 609294 (M.D.N.C. March 23, 2004). Errors of law do not amount to good cause, even when the error is made by a <u>pro</u> <u>se</u> litigant.
>
> . . . .
>
> Moreover, even if good cause had been shown, it would be inequitable for the court to allow the plaintiff to proceed on argument brought to light by counsel for the defendant. The motion is therefore DENIED.

Court's Ruling dated December 19, 2003 on Motion to Amend Complaint.

Plaintiff cites no case law or other authority that would support a court's decision <u>not</u> to award attorneys' fees given the procedural background of this case. As to the timeliness issue, Southwestern Bell sought and obtained express permission of the Court to file its Motion for the Award of Attorneys' Fees by May 28, 2004. See Southwestern Bell's Motion for Extension of Time to File Motion for Attorneys' Fees and Bill of Costs dated May 28, 2004. The Court granted the motion *nunc pro tunc* on June 4, 2004. Thus, the Motion for Award of Attorneys' Fees was timely.

As early as January 13, 2003, when Southwestern Bell removed the case to Federal Court based on the LMRA, plaintiff was made aware that his claims fell within the scope of the LMRA. The issue of LMRA preemption was again brought to plaintiff's attention on June 6, 2003 at the

3

parties' settlement conference. When plaintiff still refused to withdraw his claims, defendant filed a Motion to Dismiss on September 15, 2003. Despite having been presented with clear authority that virtually all of his claims[2] were preempted by the LMRA, plaintiff proceeded to prosecute his case, thus forcing defendant to continue to expend legal fees to defend against his claims. Plaintiff needlessly burdened the resources of the judicial system and the defendant. His decision to continue with his case in the face of <u>overwhelming controlling legal authority</u> is not an indication of good faith and in fact contradicts the notion of good faith. Accordingly, an award of attorneys' fees to defendant is appropriate in this case. <u>See, e.g.</u>, <u>McCandless v. Great Atl. & Pac. Tea Co., Inc.</u>, 529 F. Supp. 476, 478 (N.D. Ill. 1982) (granting attorneys' fees to prevailing defendant where "[b]asic research would have revealed [LMRA exhaustion requirements]").

Dated at New Haven, Connecticut this 7th day of September, 2004.

> THE DEFENDANT,
> SBC a.k.a. SNET
>
> _____
> Lori B. Alexander - (CT08970)
> TYLER COOPER & ALCORN, LLP
> 205 Church Street
> New Haven, Connecticut 06509-1910
> Phone: (203) 784-8270
> Fax:    (203) 789-2133
> E-mail: alexander@tylercooper.com

---

[2] The Court held that plaintiff's defamation claim (as one of seven counts of the original Complaint) was not preempted by the LMRA but dismissed it without prejudice because there was no longer an independent basis for federal jurisdiction. See Court's Ruling on Defendant's Motion to Dismiss dated April 17, 2004.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

Eugene Axelrod, Esquire
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

on this 7th day of September, 2004

*Lori B. Alexander*
Lori B. Alexander
Federal Bar No.: CT08970