UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS DEROSA | CIVIL ACTION |
| | NO: 3:03CV91(AVC) |
| Plaintiff, | |
| v. | |
| SBC a.k.a. SNET | |
| Defendant. | SEPTEMBER 28, 2004 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

This is defendant SBC a.k.a SNET's ("SNET's") opposition to plaintiff's recently filed Motion to Remand. The state law claim for defamation that plaintiff now seeks to have remanded was dismissed by this Court without prejudice on April 7, 2004. The remaining claims were either withdrawn by the plaintiff or also dismissed by the Court. Judgment was entered by the Court in SNET's favor on April 7, 2004.

Because there is no case – and consequently clearly no state law defamation claim – currently pending before this Court, there is nothing to be remanded and plaintiff's motion should be denied.

### I. ARGUMENT

On December 11, 2002, plaintiff filed an action in the Superior Court for the Judicial District of New Haven at New Haven, alleging various common law claims related to the termination of his employment with SNET. On January 13, 2003, SNET removed the action to this Court pursuant to 28 U.S.C. § 1446(a) on the grounds that plaintiff's claims required the interpretation of the terms of

a collective bargaining agreement which governed the terms of his employment, and therefore were subject to this Court's original jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"). On September 15, 2003, SNET filed a Motion to Dismiss all of plaintiff's claims on the grounds that they were preempted by the LMRA. On April 7, 2004, the Court dismissed plaintiff's common-law misrepresentation claim,[1] finding that it was preempted by the LMRA. With respect to plaintiff's sole remaining cause of action, a claim for defamation, the Court ruled that there was no longer an independent basis for federal jurisdiction as to this claim, and accordingly dismissed the defamation claim without prejudice. See Ruling on Motion to Dismiss dated April 7, 2004, at 5. Judgment was entered in favor of SNET on April 7, 2004.

Plaintiff asserts in his Motion to Remand that "28 U.S.C. § 1441(c) provides the court with the authority to remand this case to the Connecticut Superior Court." See Motion to Remand at 1. 28 U.S.C. § 1441 is the federal statute governing the removal of cases from Superior Court to District Court. Section 1441 states, inter alia,

> **§ 1441. Actions removable generally**
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

---

[1] Prior to the Court's ruling on the Motion to Dismiss, plaintiff withdrew his claims for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, negligence, and intentional infliction of emotional distress in an apparent concession that these claims were preempted by the LMRA. The only two causes of action remaining in the Complaint thereafter were plaintiff's common-law claims of misrepresentation and defamation.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, <u>the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates</u>.

28 U.S.C. § 1441 (emphasis added). As set forth above, Section 1441(c), the section plaintiff cites as supporting his Motion to Remand, is a provision that allows a District Court to either (a) determine all claims in a removed case, or, (b) alternatively, at the time of the removal, remand otherwise non-removable claims to state court. If the plaintiff wished the Court to remand the defamation claim pursuant to this provision, he should have filed a motion to remand the defamation claim at the time SNET removed the case to the District Court – not more than a year and a half later after the conclusion of discovery, after the filing of a dispositive motion by SNET, after the dismissal of plaintiff's claims, and after the entry of judgment in SNET's favor.

Morever, even if Section 1441(c) did <u>not</u> pertain exclusively to the time a case is removed to District Court, the Court in this case chose to dismiss the defamation claim at the conclusion of the case upon ruling on the Motion to Dismiss by SNET. While plaintiff may have preferred an order of remand to an order of dismissal, the Court clearly acted within its discretion in dismissing the remaining state law claim without prejudice. See, e.g., <u>Edmondson & Gallagher v. Alban Towers Tenants Assoc.</u>, 48 F.3d 1260, 1267 (D.C. Cir. 1995) ("Whether to remand or dismiss is . . . a matter left to the discretion of the district court.").

## II. CONCLUSION

The Complaint was properly dismissed and is no longer before this Court. Judgment has entered in favor of the defendant. Plaintiff cannot now – more than <u>five months after</u> the entry of judgment – seek to overturn the Court's order of dismissal in favor of an order of remand, nor has he pointed to any legal authority[2] that would allow the Court to do so.

Plaintiff's Motion for Remand should be denied.

Dated at New Haven, Connecticut this 28th day of September, 2004.

THE DEFENDANT,
SBC a.k.a. SNET

*Lori B. Alexander*
Lori B. Alexander - (CT08970)
Christopher A. Kelland - (CT22259)
TYLER COOPER & ALCORN, LLP
205 Church Street
New Haven, Connecticut 06509-1910
Phone: (203) 784-8270
Fax:    (203) 789-2133
E-mail: alexander@tylercooper.com

---

[2] The cases cited by plaintiff in his Motion to Remand are inapposite here, as none of those cases addresses plaintiff's unusual request that the Court remand to state court a case that was <u>already dismissed by the Court over five months ago</u>.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

Eugene Axelrod, Esquire
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

on this 28th day of September, 2004

                                         Lori B. Alexander
                                         Federal Bar No.: CT08970