UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS DEROSA | CIVIL ACTION |
| Plaintiff, | NO: 3:03CV91(AVC) |
| v. | |
| SBC a.k.a. SNET | |
| Defendant. | OCTOBER 4, 2004 |

### DEFENDANT'S RESPONSE TO RULING ON VERIFIED BILL OF COSTS: SHOWING THAT DEPOSITION TRANSCRIPTION WAS NECESSARILY OBTAINED

The defendant, Southwestern Bell Yellow Pages ("Yellow Pages"), misidentified in the Complaint as "SBC a.k.a. SNET," hereby files its Affidavit of Lori B. Alexander, which is attached hereto, in support of its claim for costs in the amount of $1,003.00 (One Thousand Three Dollars) for the deposition transcript of plaintiff's deposition held on March 3, 2004. This element of defendant's costs was denied by the Court on September 24, 2004 "without prejudice to renewal within ten days upon a showing as to how plaintiff's deposition transcript was necessarily obtained for use in the case and not for the convenience of counsel." This Response is Yellow Pages' renewal, with additional support, of its request for an award of $1,003.00 as costs for plaintiff's deposition.

As noted by the United States District Court for the District of Connecticut as early as 1953,

> When the Revisers came to define the boundary of judicial discretion in the taxing of costs they substituted for "necessarily obtained for use on trial," which was the test

*ORAL ARGUMENT IS NOT REQUESTED*

> under the Old Fee Bill, the phrase "necessarily obtained for use in the case" in order to include <u>items of expense incurred in the course of the pretrial disclosure proceedings</u> established by the Federal Rules and to include the cost of transcript obtained after trial for the use by counsel and the trial judge in the post-trial stage of the case.

<u>Perlman v. Feldmann</u>, 116 F. Supp 102, 109 (D. Conn 1953) (emphasis added).

The phrase "not for the convenience of counsel" dates back to the time when deposition transcripts were filed with the Court; at that time, it was only for counsel's convenience that he/she would obtain from a court reporter a copy of a filed deposition transcript. As the Court in <u>Perlman</u> noted concerning this procedure,

> It is implicit in the Rules that the party who notices a deposition shall initially stand the expense involved in this procedure. With the transcript on file all parties have a right to read it in the Clerk's office. In such a case, a purchase of a copy from the stenographer by any party is obviously <u>for his private convenience</u> and cannot be taxed as an expense "necessarily obtained." However, it is my view that the cost of the original copy on file with the Clerk under § 1920(2) of the Code may be taxed in favor of the party who noticed the deposition if he shall have prevailed on the merits and if it was necessarily obtained in the sense that the taking of the deposition and its general content was reasonably necessary for the development of the case in light of the situation then existing.

<u>Id.</u> (emphasis added).

The attached Affidavit of Lori B. Alexander is respectfully submitted in response to the Court's ruling and constitutes a showing that the deposition was reasonably necessary for the development of the case in light of the situation then existing and "necessarily obtained for use in the case, and not for the convenience of counsel."

Dated at New Haven, Connecticut this 4th day of October, 2004.

                                        THE DEFENDANT,
                                        SBC a.k.a. SNET

                                        */s/ Lori B. Alexander*
                                        Lori B. Alexander - (CT08970)
                                        TYLER COOPER & ALCORN, LLP
                                        205 Church Street
                                        New Haven, Connecticut 06509-1910
                                        Phone: (203) 784-8270
                                        Fax:   (203) 789-2133
                                        E-mail: alexander@tylercooper.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS DEROSA | CIVIL ACTION |
| | NO: 3:03CV91(AVC) |
| Plaintiff, | |
| v. | |
| SBC a.k.a. SNET | |
| Defendant. | OCTOBER 4, 2004 |

## AFFIDAVIT OF LORI B. ALEXANDER
## IN SUPPORT OF DEFENDANT'S VERIFIED BILL OF COSTS

I, Lori B. Alexander, having been duly sworn, do hereby depose and say:

1. I am over the age of eighteen and I believe in the obligations of an oath.

2. I have personal knowledge of the facts set forth in this affidavit, and they are true and accurate to the best of my knowledge and belief.

3. I am defense counsel who represents Southwestern Bell Yellow Pages ("Yellow Pages"), misidentified in the Complaint as "SBC a.k.a. SNET," in the above-captioned matter.

4. In my role as defense counsel in this matter, I scheduled and took the deposition of the plaintiff, Louis Derosa.

5. Plaintiff's deposition was necessarily obtained in order to support Yellow Pages' Motion to Dismiss, in which it argued that the plaintiff (1) had failed to exhaust the grievance and arbitration procedures set forth in the collective bargaining agreement governing his employment; (2) plaintiff's claims, all of which were brought under state law, were pre-empted by Section 301 of the Labor

Management Relations Act ("LMRA"); and (3) as to the defamation count, the Court would have no basis for exercising supplemental jurisdiction once the other claims in the case were dismissed. The plaintiff's deposition testimony factually supported preemption under Section 301 of the LMRA, as plaintiff admitted that the terms and conditions of his employment were governed by a collective bargaining agreement, and he further testified concerning the factual basis for each claim, establishing that they related to the collective bargaining agreement. Moreover, his deposition testimony supported the fact that he had failed to exhaust the grievance and arbitration procedures. All these factual subjects were relevant to Yellow Pages' Motion to Dismiss, which was ultimately granted by the Court.

6. Plaintiff's deposition was also necessarily obtained to support Yellow Pages' ultimately successful Objection to Plaintiff's Motion to Amend Complaint. At the time of the plaintiff's deposition, March 3, 2004, the plaintiff had recently moved to amend his Complaint to add four entirely new counts. These counts included allegations that Yellow Pages had violated Section 301 of the LMRA, a new false light defamation claim, and claims for negligent supervision and negligent misrepresentation. These claims were in addition to plaintiff's previous claims of misrepresentation and defamation. Plaintiff's deposition was necessary in order to learn the basis for plaintiff's new claims, to establish that they were factually dissimilar to those alleged in the original Complaint, and to support Yellow Pages' Opposition to the Motion to Amend Complaint.

7. In addition to the above, in the event that Yellow Pages' Motion to Dismiss was not successful, it intended to file a dispositive motion in this case. Plaintiff's deposition testimony was necessary to establish that there were no genuine issues of material fact in dispute with respect to any count of his Complaint or Amended Complaint, in order to support a Motion for Summary Judgment in the event that any of the counts survived the Motion to Dismiss. Due to the pre-trial discovery

schedule in the case, Yellow Pages was required to complete discovery before a ruling on the Motion to Dismiss was issued by the Court. Thus, plaintiff's deposition was necessarily obtained to prepare Yellow Pages' defense of the matter in the form of support for a potential Motion for Summary Judgment.

8. Last, plaintiff's deposition testimony was necessarily obtained for use in the case, inasmuch as defense counsel questioned him regarding the factual basis of each and every one of his allegations in the Complaint. His admissions at his deposition were necessary for cross-examination in the event that the case ultimately proceeded to trial.

_____
Lori B. Alexander

STATE OF CONNECTICUT   )
                       )   ss: New Haven, Connecticut
COUNTY OF NEW HAVEN    )       October 4, 2004

Personally appeared, Lori B. Alexander, who swore to and subscribed the above affidavit before me, this 4th day of October, 2004.

_____
Notary Public/
Commissioner of the Superior Court

MAUREEN J. DeFIGUEIREDO
NOTARY PUBLIC
Commission Expires Nov 30, 2006

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

Eugene Axelrod, Esquire
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

on this 4th day of October, 2004

_____
Lori B. Alexander
Federal Bar No.: CT08970